## BIRD v. THE STATE.

FISH, J. If, in the trial of a boy charged with the offense of assault with intent to rape, it be shown that the accused is under the age of fourteen years, a presumption arises that he is physically incapable of committing the crime; and where there is no proof to rebut such presumption a verdict of guilty is contrary to the evidence and to law. *Gordon* v. *State*, 93 *Ga.* 531. The evidence in this case as to the identity of the accused with the assailant of the girl alleged to have been assaulted is by no means satisfactory.

*Judgment reversed. All the Justices concurring.*

Argued February 19,—Decided February 27, 1900.

Indictment for assault with intent to rape. Before Judge Seabrook. Effingham superior court. November term, 1899.

*H. B. Strange* and *R. W. Sheppard,* for plaintiff in error.
*Livingston Kenan, solicitor-general,* contra.

---

## DICKEY v. GRICE.

LITTLE, J. 1. One who is a stranger to a deed or other instrument in writing is not bound by any recitals of fact therein contained, and accordingly has the right to contradict the same by parol evidence and show that the writing does not express the real truth of the transaction to which it relates. *Hanks* v. *Phillips*, 39 *Ga.* 550; *Yahoola Mining Co.* v. *Irby*, 40 *Ga.* 479; *Lamar* v. *Turner*, 48 *Ga.* 329; *Cruger* v. *Tucker*, 69 *Ga.* 557; *First National Bank* v. *Cody*, 93 *Ga.* 127; *Heard* v. *Nix*, 96 *Ga.* 54.

2. A written request to charge is not too late if presented "at any time before the jury retires to consider of their verdict." Civil Code, § 5479. Refusing to give such request is not, however, necessarily cause for a new trial, when it merely embraces a statement of a simple issue of fact which the jury must have understood was involved in the case, and when it does not appear that this issue was not submitted to them by the judge in other and appropriate language.

3. The verdict was supported by sufficient evidence, and there was no abuse of discretion in denying a new trial.

*Judgment affirmed. All the Justices concurring.*

Argued November 10, 1899.—Decided February 27, 1900.

Complaint. Before Judge Smith. Wilcox superior court. March term, 1899.

*Cutts & Lawson,* for plaintiff in error.
*D. B. Nicholson, A. C. Pate,* and *W. L. Grice & Sons,* contra.