VOLUNTEER STATE LIFE INSURANCE COMPANY *v.* POWELL-WHITE COMPANY *et al.; et vice versa.*

Nos. 12657, 12669. FEBRUARY 23, 1939. REHEARING DENIED MARCH 10, 1939.

706

*Strozier & Gower,* for plaintiff.  *S. P. Cain,* for defendants.

JENKINS, Justice.  1.  Under the rule announced in *Garlington* v. *Blount,* 146 *Ga.* 527 (91 S. E. 553), and followed in the recent case of *Rawson* v. *Brosnan,* 187 *Ga.* 624 (1 S. E. 2d, 23), the plaintiff in ejectment, who was the prior grantee of the tract sued for, not being a privy in law, fact, or estate with the defendant, who held under a subsequent deed from the common grantor, the defendant could not defend by so reforming the plaintiff's deed as to strike

therefrom, as having been included by mutual mistake, the tract subsequently conveyed to the defendant. Therefore the court did not err in sustaining the plaintiff's demurrer to this equitable ground of defense.

2. The rule above stated, requiring mutuality or privity of contract or estate, applies not only to the equitable remedy of reformation, but to that of cancellation or other equitable relief against the effect of an instrument. See 21 C. J. 87, § 63, and cit. Code § 37-213, which the *Garlington* case construed so as to limit the right of reformation to parties or privies to the same contract or estate, is not limited by its terms to that remedy, but applies to any equitable relief. Nothing to the contrary was held in the cases relied on by the subsequent grantee, the defendant in this case. The rule that precludes a stranger from reforming or defeating the force and effect of a previous deed to his land, to which he was not party and under which he in no wise claims, merely because it contained an alleged mistake in the description between the parties to the former instrument, is quite distinct from the settled general principle stated in *Dickey* v. *Grice,* 110 *Ga.* 315 (35 S. E. 291), and cit., that a stranger to a deed or other instrument is not bound by any recitals of fact therein contained. This, of course, is true, since the principle of estoppel could not be made to operate against one who was not a party to the contract embracing the recitals. The record in the *Dickey* case discloses that no question was involved concerning the right of a subsequent grantee as against a previous grantee to cancel or reform the terms of a previous instrument. The action was for the recovery of attorneys' fees, and the issue related merely to the performance of the agreed legal services in adjusting a controversy between the defendant and a third person. A deed from the defendant to such third person was offered merely as evidence on whether the controversy had been settled. The holding was that any recital in such a deed, which the third person had procured from the defendant, would not bind the plaintiffs as strangers to the instrument upon the sole question at issue. Nor is the case of *First National Bank of Gainesville* v. *Cody,* 93 *Ga.* 127, 144 (19 S. E. 831), in point. There the court merely held: "A conversation between the parties to this paper would be, as to any third person, simply hearsay, and the fact that their declarations have been reduced to writing does

708

not in the slightest degree change the rule making such declarations inadmissible in evidence against other persons. The recitals in a deed made in pursuance of an order of court, or by virtue of legal process, are sometimes, for certain purposes, evidence of their truth, but parties can not, in a voluntary contract between themselves, make their 'recitals' evidence against anybody else as to prior existing rights."

3. Under the preceding holdings, it was error to admit parol evidence relating to the alleged mutual mistake between the parties to the previous security deed; error to charge the jury that, even though the defendant was not entitled to reform the previous security deed, it could, as a stranger thereto, show by parol the alleged mutual mistake therein; and error to refuse a new trial to the plaintiff on these and the general grounds.

*Judgment reversed on the main bill of exceptions; and affirmed on cross-bill. All the Justices concur, except Bell, J., who dissents, and Duckworth, J., disqualified.*