A94A2022. STEPHENS v. ADKINS.
(448 SE2d 734)

BLACKBURN, Judge.

The appellee, Barbara Stephens Adkins, individually and in her capacity as administratrix of the estate of her father, Elza Ray Stephens, commenced the instant action seeking declaratory judgment and damages against appellant Larry Edward Stephens ("Stephens"), her brother, and Equicor, Inc., the obligor on the deceased's life insurance policy which named Adkins and Stephens as equal beneficiaries. Adkins sought a determination on Stephens' entitlement to the remaining proceeds of the insurance policy following Stephens' conviction for the voluntary manslaughter of the deceased. Equicor, Inc. paid the remaining proceeds of the insurance policy into the court's registry and was subsequently dismissed from the action.

Adkins moved for partial summary judgment, asserting that under OCGA § 33-25-13, Stephens is not entitled to any benefits from the life insurance policy based upon his manslaughter of the deceased. In support of her motion, Adkins filed a certified copy of the jury's verdict of guilt on Stephens' voluntary manslaughter of the deceased and the judgment entered on the jury's verdict. In his affidavit

submitted in response to the motion, Stephens averred that he shot his father twice by accident and struck his father several times with the butt of the gun in self-defense. Following a hearing, the trial court granted the motion for partial summary judgment, finding that Stephens is not entitled to the remaining proceeds of the policy based upon his manslaughter of the deceased. This appeal followed. In his sole enumeration, Stephens asserts that the trial court erred in granting the motion for partial summary judgment. We disagree.

OCGA § 33-25-13 specifically provides that "[n]o person who commits murder or voluntary manslaughter or who conspires with another to commit murder shall receive any benefits from any insurance policy on the life of the deceased, even though the person so killing or conspiring be named beneficiary in the insurance policy." The statute also provides that a plea of guilty or a judicial finding of guilt not reversed or otherwise set aside as to the crime is prima facie evidence of guilt in determining the rights under this Code section.

In this case, the certified copies of the judgment entered on Stephens' manslaughter conviction was prima facie evidence of Stephens' guilt, and there is no evidence that the judgment entered on the conviction has been reversed or otherwise set aside. Although Stephens' affidavit contains conclusory statements, Stephens did admit therein that he shot his father as his father retreated following several physical confrontations between the two, and that he hit his father with the butt of the gun during another confrontation. However, the averments do not present a genuine issue of material fact as to Stephens' guilt of the manslaughter of the deceased. See OCGA § 16-5-2.

"It is a well-settled rule that a beneficiary in a life insurance policy who murders or feloniously causes the death of the insured forfeits all rights which he may have in or under the policy. This rule is based upon public policy and upon the principle that no one shall be allowed to benefit from his own wrong." (Punctuation omitted.) *Moore v. Moore*, 228 Ga. 489, 491 (186 SE2d 531) (1971). Accordingly, the trial court did not err in granting partial summary judgment in favor of Adkins.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 2, 1994 —
RECONSIDERATION DENIED SEPTEMBER 16, 1994 — ■

*William R. McCracken*, for appellant.
*Dunstan, Dunstan & Cleary, Mark A. Cleary*, for appellee.