A96A2192. HARDING et al. v. GEORGIA GENERAL INSURANCE COMPANY.
(479 SE2d 410)

ELDRIDGE, Judge.

Appellants Jason Harding ("Jason") and his mother, Linda Harding, challenge the trial court's granting of appellee's motion for summary judgment on a petition for declaratory judgment. Appellee, Georgia General Insurance Company, insured an automobile that was owned by the parents of 17-year-old Patrick Raymond ("Patrick"), who was driving the vehicle when he allegedly intentionally struck Jason following a verbal altercation, causing serious physical injuries.

An exclusionary provision in the insurance policy reads, "No person shall be considered an insured person if that person uses a vehicle without a *reasonable belief* of having permission to use the vehicle." (Emphasis supplied.) Appellee asserts that Patrick did not have actual permission to drive his parents' car, nor did he have any reasonable basis to believe that he had such permission, and that therefore, summary judgment relieving the insurance company is appropriate. We disagree.

The use of the term "reasonable belief" requires both a subjective and an objective analysis of the driver's state of mind, i.e., whether the driver actually believed he had permission and the reasonableness of this belief. See *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712 (470 SE2d 659) (1996); see also *Omni Ins. Co. v. Harps*, 196 Ga. App. 340, 342 (396 SE2d 66) (1990), quoting *Nationwide Mut. Ins. Co. v. Southern Trust Ins. Co.*, 174 Ga. App. 513, 514 (330 SE2d 443) (1985), overruled on other grounds, *Hurst*, supra at 717.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A [movant] may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of [the non-movant's] case. . . . If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Further, "the party opposing the motion is to be given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence. . . . [T]he question before the [appellate] court is whether the allegations of the pleading have been pierced so that no genuine issue of material fact remains." *King v. Crain-Daly Volkswagen*, 207 Ga. App. 583, 584-585 (428 SE2d 586) (1993); *Duke Enterprises v. Espy*, 140 Ga. App. 527 (231 SE2d 522) (1976). "A trial court's conclusion that no genuine issue of material fact remains and that the party is entitled to judgment as a matter of law cannot be upheld merely on the basis that there was some evidence to support that conclusion, for there is no such thing as 'any evidence' or 'some evidence' that no genuine issues of material fact remain and that the party is entitled to judgment as a matter of law." *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993); *Hoffman v. Atlanta Gas Light Co.*, 206 Ga. App. 727 (426 SE2d 387) (1992).

Therefore, to prevail on a motion for summary judgment in the case sub judice, appellee must pierce appellants' assertion that Patrick was an insured driver under the policy by demonstrating affirmatively that Patrick was excluded from coverage; appellee must prove either that Patrick *actually believed* he did not have permission or, if it concedes that Patrick mistakenly believed that he had such permission, that he had *no reasonable basis* for his belief. Once this is accomplished, the burden shifts to appellants, who must present evidence to rebut appellee's assertions or suffer summary judgment.

On the issue of whether Patrick actually believed that he did not have permission to drive the car, appellee relies on Patrick's statements, under oath, that he knew he did not have permission to drive his parents' car on that day; it also points to statements by his parents that they had not given him permission to drive the Toyota.[1] The parents' assertions are irrelevant, however. The only issue is whether *Patrick* actually believed that he did not have permission to drive the car.

Since appellee has presented affirmative evidence that Patrick had such state of mind, the appellants had to rebut the evidence in order to survive summary judgment. This Court believes that appellants met this burden.

Appellants point to statements by Patrick and his mother which seem to indicate that, in some circumstances, she would give him permission to use the Toyota, and that Patrick may have believed that such circumstances existed at the time he borrowed the car.[2] This evidence directly contradicts Patrick's assertion that he believed at the time of the incident that he did not have permission to drive the car. When the testimony of a party/witness is directly contradictory, it will be construed against him, unless he can offer a reasonable explanation. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986); see also OCGA § 24-9-85. Since there is no evidence of such explanation, such contradictory evidence should have been construed against Patrick, and summary judgment should have been denied.

However, pretermitting whether Patrick's testimony proves that he did, or did not, actually believe he had permission to use his mother's vehicle, appellants have presented extensive impeachment evidence that contradicts Patrick's testimony not only regarding what he told others about the use of the car but also as to the frequency of his use of the vehicle. Appellants point to Patrick's assertion that he had never driven the Toyota before, and counter with affirmative evidence that, in fact, he previously had driven the car to

---

[1] In an unsigned sworn statement, Joseph Raymond, Patrick's father, also asserts that Patrick did not have permission to drive the Toyota. However, this statement was not based on Mr. Raymond's personal knowledge, contained inadmissible hearsay, and included no affirmative statement of competency. Therefore, it fails to meet the affidavit requirements of OCGA § 9-11-56 (e), and is not admissible evidence upon a consideration of a motion for summary judgment. Further, " '[e]vidence offered on motion for summary judgment is held to the same standards of admissibility as evidence at trial, and evidence inadmissible at trial is generally inadmissible on motion for summary judgment. (Cits.)' " *E. H. Crump Co. v. Millar*, 200 Ga. App. 598, 600-601 (409 SE2d 235) (1991) (quoting *Biggs v. McDougall*, 175 Ga. App. 87, 88 (1) (332 SE2d 381) (1985)).

[2] Although this statement was made by Patrick under oath, it fails to meet the affidavit requirements of OCGA § 9-11-56 (e). However, an inconsistent statement may be used to impeach Patrick under OCGA § 24-9-83.

work and to school on numerous occasions.

It would be difficult, if not impossible, for appellants to climb inside Patrick's mind and affirmatively show with direct evidence what he did or did not believe at any specific time. Holding appellants to that standard would virtually ensure that they could not survive a motion for summary judgment.

In that regard, appellee's *sole evidence* of Patrick's actual state of mind is Patrick's sworn statement. Thus, if this case went to trial, there would be a conflict between Patrick's statement and other evidence showing that he frequently drove the car and the factfinder would be empowered to judge Patrick's credibility as to prior statements that the vehicle was his or that he had use of the vehicle as well as the frequent use of the vehicle. OCGA § 24-9-82. "Where, on a motion for summary judgment, it appears that the credibility of a witness or witnesses upon whose testimony the grant of the summary judgment depends is at issue in the case, neither the trial court nor this court will resolve the matter or is concerned with the credibility but will leave this matter to the jury, rather than grant summary judgment based on the 'uncontradicted' area of the testimony of the witness, whose credibility is for the jury, and not for the trial judge or this court. . . . The success of an attempt to impeach a witness is always a jury question, as is the credibility of the witnesses where they contradict one another, or themselves." (Citations and punctuation omitted.) *Raven v. Dodd's Auto Sales &c.*, 117 Ga. App. 416, 421 (160 SE2d 633) (1968).

The impeachment evidence disproving Patrick's statement about use and permission presented by appellants creates a material issue for the jury alone to decide, which is whether Patrick is telling the truth when he claims that he knew at the time of the incident that he did not have permission to use the car. Therefore, we hold that evidence which tends to disprove the statement of Patrick alone is sufficient to meet the nonmovant's burden and survive summary judgment when a witness' actual, subjective belief is a material element of a claim or defense, and the movant's sole evidence of this element is testimony by that witness.

On the issue of whether Patrick mistakenly and unreasonably believed he had permission to drive the car, the facts presented establish the following: Patrick's car was not working and was being repaired elsewhere; the only car accessible to Patrick was his parents' Toyota Corolla; a stranded friend called Patrick and asked him to pick him up; Patrick had access to the Toyota keys, which were on the kitchen table, and took them while his mother was in the house; he borrowed the Toyota for about 35 minutes that afternoon; the mother did not treat the car as missing or stolen. Further, Patrick previously had been seen driving the Toyota to school and to work.

Viewing the facts in the light most favorable to appellants, we hold that appellants have presented sufficient evidence to create a jury issue on whether it was objectively reasonable for Patrick to believe that he had permission to borrow the car.[3]

This case can be distinguished from the holding in *Samples v. Southern Guaranty Ins. Co. of Ga.*, 197 Ga. App. 258 (398 SE2d 220) (1990), where this Court found that it was unreasonable for a man to believe he had permission to drive a friend's car simply because they had been friends for a long time. In the case sub judice, Patrick borrowed his parents' car while living at home, after having driven the car in the past. He took the car keys from the kitchen while his mother was at home, and although she was aware that he had taken the car, she did not object or discipline him when he returned home. A jury could infer from these facts that, if Patrick mistakenly believed he had permission to drive the car, such belief was reasonable. Therefore, summary judgment should have been denied.

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 27, 1996 —
RECONSIDERATION DENIED DECEMBER 12, 1996 — 

*Stokes & Klinger, Gregory M. Stokes, Stanford N. Klinger,* for appellants.

*Hertz & Link, Amy L. Stein, Houston D. Smith III, Crim & Bassler, Joseph M. Murphey, Mark A. Skibiel,* for appellee.

---

[3] But cf. *Cincinnati Ins. Co. v. Plummer*, 213 Ga. App. 265, 267 (444 SE2d 378) (1994) (holding that "[a] reasonable belief [of] implied permission to take and drive another's automobile will not be inferred merely from the existence of the parent-child relationship and from non-permissive access to a set of keys to that vehicle"), overruled on other grounds, *Hurst,* supra at 717.