A96A1615. MOSELEY et al. v. INTERFINANCIAL MANAGEMENT COMPANY et al.
A96A2435. LEVENTHAL v. MOSELEY et al.
(479 SE2d 427)

SMITH, Judge.

Anne Moseley and her two sons, Thomas C. Moseley, Jr., and Richard Clay Moseley, as co-executors under the will of Thomas H. Moseley, Sr., brought an action in the State Court of Cobb County against Ronald S. Leventhal on four notes (the "state court action"). Leventhal's defenses to that action involved property subject to a security deed granted by Leventhal to the Moseleys as security for the notes. Summary judgment was granted in favor of the Moseleys in that action. Leventhal did not timely appeal, but later sought to set aside the judgment in the state court action. His motion to set aside the judgment was denied, and this Court eventually affirmed. *Leventhal v. Moseley*, 217 Ga. App. XXXI (1995) (unpublished).[1] Leventhal then brought another motion in the state court seeking to vacate and set aside the judgment entered there for fraud, accident, or mistake. The trial court denied that motion as well.

During the pendency of the state court action but prior to the entry of judgment, Leventhal and two closely-held corporations he controlled, Interfinancial Management Company and Interfinancial Properties, Inc. (collectively "Leventhal"), brought suit in Cobb County Superior Court against the Moseleys. They sought reforma-

[1] This Court originally dismissed Leventhal's appeal of the motion to set aside because he failed to follow the discretionary appeal procedure. The Supreme Court reversed this Court's dismissal, holding that since Leventhal's motion was premised upon his insistence that he did not receive a copy of the summary judgment order from the state court, the motion was one for correction of a clerical error under OCGA § 9-11-60 (g) and thus not subject to the discretionary appeal procedure. *Leventhal v. Moseley*, 264 Ga. 891 (453 SE2d 455) (1995). The Supreme Court reinstated Leventhal's appeal for decision on its merits by this Court, and the unpublished opinion in Case No. A94A0562 resulted, in which we affirmed the trial Court's denial of Leventhal's motion.

tion of the Moseleys' security deed, cancellation of the notes, and a declaration that Leventhal was not indebted to the Moseleys.[2] In that case, the superior court entered summary judgment in favor of Leventhal and against the Moseleys. The order granting summary judgment to Leventhal in that case was entered after the order entered in the state court action that granted summary judgment in favor of the Moseleys.

Case No. A96A1615, in which the Moseleys appeal from the summary judgment entered against them in the superior court action, was filed in the Supreme Court. It was transferred to this Court because its subject matter is not within the exclusive jurisdiction of the Supreme Court. Because the state court judgment and the superior court judgment appear to be contradictory, we granted Leventhal's application to appeal from the denial of his motion in the state court action to vacate and set aside the judgment for fraud, accident, or mistake. His pro se appeal from that judgment is now before us in Case No. A96A2435. The subject matter of the two actions is identical. The two appeals are related, and we have therefore consolidated them for review.

These appeals arose from certain financial transactions. Beginning in 1985, Thomas H. Moseley, Sr., Thomas H. Moseley, Jr., and Leventhal had several business dealings, generally involving the sale of real property to Leventhal. Thomas H. Moseley, Sr. died in 1988. His two sons and his wife, Anne Moseley, were named executors of his estate. In settlement of a certain claim their decedent made against Leventhal, in March 1990, Leventhal executed the four promissory notes in issue in the total principal amount of $701,450. Three of the notes were payable to Anne Moseley; one was payable jointly to the three Moseleys as executors of the estate. The notes were secured by various tracts of land in Cobb County. Most of the security interests conveyed were of second or third priority; Leventhal was already indebted to others and the same properties also served as security for those other loans.

Eventually, all properties but one were foreclosed on by other creditors. Trust Company Bank held a first-in-priority security deed on that one remaining tract of land in Cobb County, which was known as Cumberland Creek, owned by Leventhal and/or his companies, Interfinancial Management Company and Interfinancial Properties. The same property was the subject of a second-in-priority security deed to Gene Jackson to secure a $50,000 loan. It was this property on which the Moseleys held a third-in-priority security deed

---

[2] Leventhal's complaint also sought injunctive relief, but he never pursued such relief; it is not at issue here.

as security for the four notes. The property consisted of approximately 20 lots in a residential subdivision.

In late 1991, Leventhal was in default on his loan from Trust Company Bank, which was preparing to foreclose on the Cumberland Creek property. To prevent the loss of his interest, Jackson purchased the property in December 1991, obtained a loan from Smyrna Bank & Trust, and paid off the note to Trust Company Bank. The Moseleys were not parties to this transaction. Smyrna Bank would not make the loan to Jackson unless it received a first priority security deed, however, and the Moseleys realized they were in danger of losing their security altogether if Trust Company foreclosed on the Cumberland Creek property. Anne Moseley therefore entered into an agreement with Jackson and Smyrna Bank whereby she agreed to subordinate her existing security deed to that of Smyrna Bank.

As part of the consideration for Anne Moseley's agreement to subordinate her security deed, Jackson agreed (based upon a proposal suggested by Leventhal) that as soon as enough lots in Cumberland Creek were sold to retire his debt to Smyrna Bank, the net proceeds of all other lot sales would be divided between Jackson and the Moseleys, with Jackson receiving one-third of the proceeds and the Moseleys receiving two-thirds. The Moseleys agreed to release their security interest in each lot sold after the proceeds from that lot were disbursed in that manner. Leventhal defaulted in his payments under one of the four Moseley notes. Pursuant to cross-default provisions in the note, the Moseleys accelerated all four notes and demanded payment by Leventhal. When payment was not forthcoming, the Moseleys on January 29, 1992, filed the state court action against Leventhal on the notes. Leventhal admitted execution and failure to pay, but denied liability; he raised several affirmative defenses, including accord and satisfaction, novation, compromise, and estoppel.

Leventhal supported these defenses with novel arguments. He asserted that the provision in the modification and subordination agreement executed by Anne Moseley actually transferred two-thirds of the equity of redemption in the Cumberland Creek property to the Moseleys, and that transfer, combined with their subsequent receipt of two-thirds of the proceeds of the sale of individual lots (after the Smyrna Bank loan was paid off), constituted "constructive foreclosure." Leventhal argued that the Moseleys' suit on the notes, therefore, was really an improper attempt to collect a deficiency without confirming the foreclosure as required by OCGA § 44-14-161 (a).

The Moseleys moved for summary judgment in the state court action. At a hearing on the motion, the trial court informed the parties that he intended to grant summary judgment in favor of the Moseleys. An order was entered two months later, on October 28,

1992. Leventhal did not file a timely appeal from that order. Instead, two months later, claiming that neither he nor his counsel received notice of the entry of judgment in that action, he filed a motion to allow an out-of-time appeal or alternatively to set aside the judgment. The motion was denied in an order entered on April 15, 1993, in which the state court found that a copy of the order had been duly mailed by the court. Reconsideration was denied, and Leventhal appealed to this Court. As noted above, the direct appeal was dismissed, then reinstated by the Supreme Court, which found that the appeal involved OCGA § 9-11-60 (g) and was not subject to the discretionary appeal procedure. This Court affirmed the denial of the motion. *Leventhal v. Moseley*, supra (unpublished).

On July 12, 1995, Leventhal again moved to set aside the state court judgment and to stay its execution. His motion was denied on February 21, 1996. Meanwhile, the superior court action was proceeding. In that action, Leventhal raised the very same arguments that had been raised as defenses in the state court action. The Moseleys, in turn, asserted the defenses of res judicata and collateral estoppel. These defenses were rejected by the superior court, and summary judgment was granted to Leventhal in an order entered March 5, 1996.

We now affirm the state court's denial of Leventhal's motion to set aside and reverse the superior court's grant of summary judgment to Leventhal.

1. The superior court's order is replete with error. First and foremost is its purported vacation and setting aside of the order of the state court. OCGA § 9-11-60 clearly provides that only a judgment void on its face "may be attacked in any court by any person." OCGA § 9-11-60 (a). Other judgments must be attacked by motion, and only in the court of rendition. OCGA § 9-11-60 (b). The state court order is not void on its face — in fact, it was affirmed by this Court — and the superior court lacked jurisdiction to vacate it or set it aside.

2. The superior court's findings of fact are clearly erroneous. Leventhal did not own the Cumberland Creek property at the time the subordination agreement was signed and therefore had no standing to complain of its provisions or any arrangement the Moseleys made with Jackson for distributing the proceeds. Moreover, the record belies Leventhal's insistence on designating the subordination agreement an "ownership" agreement of any kind.

3. Leventhal's "constructive foreclosure" and "virtual deficiency" theories are unsupported in law. Georgia has not recognized the doctrine of "constructive foreclosure." Further, the holder of a note secured by a deed to secure debt is not required to exercise the power of sale in the security deed to recover on the note; the holder has the option of suing on the note. *Stewart v. Diehl*, 219 Ga. App. 821, 822

(466 SE2d 913) (1996). That is precisely the course elected by the Moseleys, and it was perfectly right and proper.

4. No basis in law appears for reforming the subordination agreement or the Moseleys' security deed. The superior court ruled that the subordination agreement somehow transformed the Moseleys' security deed into a warranty deed making the Moseleys joint owners with Jackson of the Cumberland Creek property in fee simple. Reformation of title is a remedy used to correct an instrument so as to reflect the true intention of the parties. It is not to be used to make a new and different contract for the parties but must be used to establish the actual, original agreement. *Deck v. Shields*, 195 Ga. 697, 701-702 (25 SE2d 514) (1943). It was not the intention of the Moseleys to become owners of the property, and Leventhal does not suggest that it was.

Moreover, reformation is not available to a stranger to the deed. *Volunteer State Life Ins. Co. v. Powell-White Co.*, 187 Ga. 705, 708 (3) (1 SE2d 662) (1939). Here, Leventhal was not a party to the subordination agreement. The Moseleys are strangers to the deed to Jackson, who was not a party to the security deed or to this lawsuit. The trial court had no authority to enter a judgment altering the title to Jackson's property.

5. The trial court improperly entered its order nunc pro tunc to February 16, 1996. The order was actually signed on March 3, 1996 and entered on March 5, 1996. The obvious purpose of entering the judgment nunc pro tunc was to avoid the Moseleys' argument that res judicata and collateral estoppel barred its entry because the state court had ruled otherwise on these same issues on February 21, 1996 when it denied Leventhal's motion to set aside. This is not a proper use of a nunc pro tunc entry. The purpose of such an entry is to record some previously unrecorded action actually taken or judgment actually rendered. *Kendall v. Peach State Machinery*, 215 Ga. App. 633, 634 (2), n. 1 (451 SE2d 810) (1994). It may not be used to supply an order not yet made by the court. Id. Here, the superior court did not act until March 3, 1996. The nunc pro tunc entry was therefore improper.

6. Perhaps most importantly, although Leventhal's arguments were not meritorious, even if they were, they were barred by the doctrines of res judicata and collateral estoppel. These arguments were considered and rejected in the state court action. They may not be raised again. OCGA § 9-12-40; *Usher v. Johnson*, 157 Ga. App. 420 (278 SE2d 70) (1981).

7. Remaining enumerations of error in both cases are moot and need not be addressed. The state court correctly denied Leventhal's motion to set aside the judgment on the notes. The superior court erred in granting summary judgment in favor of Leventhal, setting

aside the state court judgment, cancelling the fi. fa., entering a nunc pro tunc order, reforming title, and denying the Moseleys' motion for summary judgment.

*Judgment affirmed in Case No. A96A2435. Judgment reversed in Case No. A96A1615. Pope, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 3, 1996 —
RECONSIDERATION DENIED DECEMBER 18, 1996 — 

Cobb State Court. Before Judge Adams (case no. A96A2435).
*Schreeder, Wheeler & Flint, David H. Flint, Timothy C. Batten,* for Moseley et al.
Ronald S. Leventhal, *pro se,* and for Interfinancial Management Company et al.