A97A0602. STEPHENS v. ADKINS et al.
(487 SE2d 440)

JOHNSON, Judge.

Plaintiff Barbara Stephens Adkins and defendant Larry Stephens are the children of Elza Ray Stephens. It is undisputed that Larry Stephens killed their father, for which he was convicted of voluntary manslaughter. In brief, the evidence shows Larry Stephens shot his father in the legs with a shotgun, then used the gun as a club to strike a fatal blow to his head.

Adkins, individually and in her capacity as the administrator of Elza Stephens' estate, filed a declaratory judgment action against her brother and Equicor, Inc., her father's life insurance company, seeking to establish that Larry Stephens could neither inherit from the estate nor receive the life insurance benefits to which he would otherwise have been entitled as a named beneficiary under the policy. The trial court granted Adkins partial summary judgment as to the life insurance benefits, which this Court affirmed in an earlier opinion. *Stephens v. Adkins*, 214 Ga. App. 653 (448 SE2d 734) (1994). The trial court then granted summary judgment to Adkins on the inheritance issue as well, from which Stephens now appeals. We reverse.

1. In ruling on a motion for summary judgment, a court must construe the evidence and all inferences and conclusions arising from it most favorably toward the nonmovant. *SunAmerica Financial v. 260 Peachtree Street, Inc.*, 202 Ga. App. 790, 793 (2) (a) (415 SE2d 677) (1992). The motion should be granted when the evidence, so construed, shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. See OCGA § 9-11-56 (c). We review a grant of summary judgment de novo. *Rice v. Huff*, 221 Ga. App. 592, 593 (472 SE2d 140) (1996).

2. OCGA § 53-4-6 (a) provides that one who kills "with malice aforethought" may not inherit from the victim's estate. Stephens correctly contends the trial court erred in finding that no genuine issue remains as to whether he acted with malice aforethought.

(a) Stephens' voluntary manslaughter conviction does not establish that he acted with malice, because malice is not an element of

voluntary manslaughter. See generally *McGill v. State*, 263 Ga. App. 81, 83 (3) (428 SE2d 341) (1993). Nor is malice established by *Stephens v. Adkins*, supra, because a valid voluntary manslaughter conviction is sufficient to render one ineligible to receive life insurance benefits under OCGA § 33-25-13. See *Stephens v. Adkins*, supra at 654.

(b) A killing done with malice aforethought is murder. OCGA § 16-5-1 (a). However, the fact that the jury in Stephens' criminal case failed to find him guilty of murder does not establish that he acted without malice aforethought. This is so for several reasons: (1) The record does not show Stephens was even charged with murder in the criminal trial. (2) The evidence in the present record is not the same evidence adduced in the criminal trial. (3) While the jury in the criminal trial was bound by the "beyond a reasonable doubt" standard, a jury in the present proceeding would decide the case under the "preponderance of the evidence" standard. See generally *Neal v. Neal*, 160 Ga. App. 771, 772-773 (287 SE2d 109) (1982).

(c) We must therefore consider whether the evidence in *this* record establishes that Stephens acted with malice aforethought. We hold that it does not.

" 'Malice is a matter of intent, and the intent of a criminal accused is a matter peculiarly within his own knowledge. . . .' " *Sheffield v. State*, 241 Ga. 245, 246-247 (2) (244 SE2d 869) (1978). Proof of malice therefore "does not readily lend itself to summary disposition." (Citation and punctuation omitted.) *Barber v. Perdue*, 194 Ga. App. 287, 289 (390 SE2d 234) (1990).[1] In this case, as in most cases in which the defendant's intent is an issue, the only direct evidence of intent is the defendant's own statement. In his affidavit, Stephens contends that his father attacked him in their house with a shotgun; that he wrestled the shotgun away, then followed his father outside because he feared the elder Stephens would retrieve another weapon from his truck; that the shotgun discharged accidentally, striking his father's legs; and that his father then attacked him again, so he struck the fatal blow in self-defense. Though this statement is suspect both because it is self-serving and because it contradicts the accounts of several eyewitnesses, ultimately the question of whether to believe Stephens or the other witnesses is one of credibility. Where credibility is the controlling question, summary judgment is not appropriate. *Harding v. Ga. Gen. Ins. Co.*, 224 Ga. App. 22, 25 (479 SE2d 410) (1996). "The success of an attempt to impeach a witness is always a jury question, as is the credibility of the witnesses."

---

[1] *Barber* deals with "actual malice" in a defamation case, which of course is defined differently than "malice aforethought" as used in OCGA § 53-4-6 (a). See OCGA § 16-5-1 (b). However, because both kinds of malice are states of mind, the same principles of proof apply.

(Citation and punctuation omitted.) Id.

Moreover, a jury could infer a lack of malice from deposition testimony Stephens presents of a neighbor, a police officer, and a psychiatrist. The neighbor testified that until the killing Stephens had been a kind, respectful person, and had a high regard for his father. The police officer said that, based in part on his investigation of the physical evidence inside the house, he believed there had been a physical or verbal altercation inside before the killing outside. The psychiatrist opined that Larry Stephens had a longstanding and "fairly severe" paranoid personality disorder.

Though Adkins presented compelling evidence on the issue of malice, neither the trial court nor this Court may engage in weighing it against Stephens' evidence to the contrary. See *Washington v. Ga. Baptist Med. Ctr.*, 223 Ga. App. 762, 767 (3) (478 SE2d 892) (1996). The trial court therefore erred in granting summary judgment to Adkins.

*Judgment reversed. Pope, P. J., and Blackburn, J., concur.*

DECIDED JUNE 3, 1997. Before Judge Overstreet.

*William R. McCracken*, for appellant.
*Dunstan, Dunstan & Cleary, Mark A. Cleary*, for appellees.