A98A0137, A98A0138. STEELE v. GROT; and vice versa.
(503 SE2d 92)

Judge Harold R. Banke.

Richard E. Steele and John B. Grot owned two businesses together. They were co-guarantors on four business credit cards, each in the name of either Steele, Grot, or other employees. Grot's and Steele's business connections were dissolved on May 1, 1992, via reciprocal stock redemption agreements which did not mention corporate liabilities. After Steele severed those business connections, Grot continued to do business and continued to use the credit cards,

including the card in Steele's name. Grot contends that Steele never submitted written notice to anyone that he wanted to withdraw his guarantee and that there is no written provision in the redemption agreements which relieved him of this personal liability. In April 1995 the lender Bank called on both parties to honor their guarantee and pay $21,270.70 plus interest at 18 percent per annum for the unpaid credit card charges.

Grot paid the entire amount to the bank and filed this suit for contribution from his co-guarantor, Steele. Steele showed that the card in his name was used after he left the businesses and that the credit cards were used for unauthorized personal purchases such as for electronic toys, private club dues, purchases from the House of Yamaha for private use, clothing from Parisians and Dunn's, gifts from Unique gift shop, boating supplies, an Alaskan Cruise, hunting equipment and other obviously personal items such as shoes. The credit card statements show an overwhelming number of purchases made at establishments which would commonly be made for personal use. Grot contends the Internal Revenue Service did a complete review of these charges and determined that the credit charges were legitimate business expenses.

The trial court granted summary judgment to Grot, giving judgment against Steele for $11,044.54 and court costs but awarding no attorney fees. Steele appeals, enumerating as error that the trial court erred in granting Grot's motion for summary judgment because there are genuine issues as to material facts and Grot was not entitled to judgment as a matter of law, and that the trial court erred in making this the final judgment for the same reasons. *Held*:

### Case No. A98A0137

1. Where persons guaranty the same principal and one person pays more than an equal share of the sum, he may compel contributions from his co-guarantor. OCGA § 10-7-50. *McCaughey v. Murphy*, 225 Ga. App. 874, 878 (485 SE2d 511); *Dever v. Lee*, 188 Ga. App. 483, 486 (373 SE2d 224). *To the creditor* both parties are equally bound, and if one pays more than his equal share he may seek contribution from the other. *McCaughey*, supra. The right of contribution arises not when the joint obligation is made but when one obligor pays more than his share of the liability. *Sherling v. Long*, 122 Ga. 797, 798 (50 SE2d 935). However, "[s]ince the right to contribution is inherently equitable in nature, the rule logically follows that where co-obligors have received unequal benefits from the common obligation, the portion of the contribution that each must bear is according to the benefit that each has received." 18 AmJur2d, Contribution, § 23. The presumption that each co-obligor benefited in an equal degree is subject

to rebuttal by proof that there was an inequality of benefits received. Id. Steele is entitled to offer such proof and would be entitled to a set-off in the amount determined not to be his just share.

Grot contends he is entitled to this judgment, in part, because Steele never submitted written notice to anyone that he wanted to withdraw his guarantee. This is off the point, for Steele's contention that he does not owe Grot half of the money Grot paid to the bank is not an attempt by Steele to "withdraw his guarantee" *to the bank*. It is an assertion that he does not fairly owe the amount of contribution demanded by *Grot*. Moreover, the fact that there is no written provision in the redemption agreements which relieves Steele of this personal liability is not controlling, for neither does any provision in the redemption agreements make Steele liable to Grot full "equal" contribution for charges made by Grot and others for their personal use.

It seems obvious that neither Grot nor Steele intended to pay for the other's personal purchases, and neither intended to allow the other to unjustly enrich himself under a purported right of contribution. To carry these points, it is not necessary for Steele to show a "novation" between himself and Grot, nor is it relevant that Steele forgot about the business credit cards when he parted company with Grot. Even if Steele also used the credit cards for a personal purpose, the fact remains, it appears that neither of the parties intended to pay for the other's abusive personal use. Further, the evidence which Grot says proves the IRS approved these charges as business expenses is conclusory and speculative hearsay given by Grot in his deposition, wherein he merely contends the IRS did an audit. Even if there had been competent evidence that the IRS determined all these charges to be business expenses would clearly be evidence only of a finding by a government body made for its purposes; it would not be conclusive evidence of the fact itself.

Construing the evidence in favor of the respondent Steele on Grot's motion for summary judgment (*Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442)), there are extensive issues of fact as to the nature of the credit charges made. Grot has a *legal* right to contribution for Steele's equal share of that debt (*McCaughey*, supra), but in fact Steele's fair share may not be half of the credit card debt. If Grot and others under his authority or knowledge spent more than half the total guaranteed amount on personal items, Steele may be entitled to a set-off of the total amounts unfairly charged to him for personal use by Grot and others.

*Case No. A98A0138*

2. The ruling in Division 1 renders moot Grot's cross-appeal ascribing error to the trial court's denial of attorney fees to him and

denial of interest on the amount of contribution awarded from the time Grot paid the bank the money owed. Accordingly, the cross-appeal must be dismissed.

*Judgment reversed in Case No. A98A0137; appeal dismissed in Case No. A98A0138. Johnson, P. J., and Smith, J., concur.*

DECIDED JUNE 12, 1998.

*F. Houser Pugh*, for appellant.
*Richard E. Flowers*, for appellee.