A00A0694. IN THE INTEREST OF H. L. W., a child.
(535 SE2d 834)

PHIPPS, Judge.

H. L. W.'s biological father appeals the dismissal as untimely of his appeal of the termination of his parental rights. On August 16, 1999, the Juvenile Court of Henry County entered an order terminating the rights of H. L. W.'s biological parents and awarding temporary custody to the couple who had been caring for the child. On August 20, 1999, "NUNC PRO TUNC to August 16, 1999," on the motion of the custodial couple, the court entered a second order to change several dates, a monetary amount, and other facts found in the first order. On September 20, 1999, the father filed a notice of appeal. The custodial couple filed a motion to dismiss the appeal as untimely because it was not filed within 30 days of the August 16, 1999 order. The motion was granted.

The question here is whether the notice of appeal filed 30 days after the "nunc pro tunc" order was timely. We find that it was timely because the "nunc pro tunc" order did more than correct mere "clerical errors" or record some previously unrecorded action and was, therefore, an improper use of a nunc pro tunc entry.

"A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of. . . ."[1] "The proper and timely filing of a notice of appeal is an absolute requirement."[2] The failure to do so requires dismissal unless an extension of time has been granted by the trial court or appellate court to which the appeal is to be taken.[3] "A nunc pro tunc entry does not extend the statutory period for filing a notice of appeal. [Cit.]"[4]

But "[t]he purpose of a [nunc pro tunc entry] is to record some previously unrecorded action actually taken or judgment actually rendered. [Cit.] It may not be used to supply an order not yet made by the court."[5] A " '[n]unc pro tunc' entry is an entry made now of

---

[1] *Coles v. State*, 223 Ga. App. 491, 492 (2) (477 SE2d 897) (1996) (quoting OCGA § 5-6-38 (a)).

[2] (Citations and punctuation omitted.) Id.; *Hester v. State*, 242 Ga. 173, 175 (249 SE2d 547) (1978).

[3] See *Associated Bldrs. Supply v. Ga-Pacific Corp.*, 123 Ga. App. 222 (180 SE2d 273) (1971); OCGA § 5-6-39 (extensions of time).

[4] *Bowen v. Clayton County Hosp. Auth.*, 160 Ga. App. 809, 810 (288 SE2d 232) (1982).

[5] *Moseley v. Interfinancial*, 224 Ga. App. 80, 84 (5) (479 SE2d 427) (1996).

something actually previously done to have effect of former date; office being not to supply omitted action, but to supply omission in [the] record of action really had but omitted through inadvertence or mistake."[6] The general rule is that nunc pro tunc entries are proper to correct clerical errors but not judicial errors.[7]

> A clerical error involves an error or mistake made by a clerk or other judicial or ministerial officer in writing or keeping records; it does not include an error made by the court itself. To be clerical in nature it must [be] one which is not the result of judicial reasoning or determination.[8]

The original order contained a variety of errors — eight in the findings of fact and one in the conclusions of law. In the findings of fact, six dates, a monetary amount and a factual statement were wrong. The conclusions of law also contained an incorrect factual statement. The nunc pro tunc order changed the factual findings to include findings not made in the original order.

In addition to the several dates and the monetary amount, the factual findings in the order were changed as follows:

| *Original* | *Revised* |
| --- | --- |
| From March 16, 1998 through the date of the filing of this action, [the mother] did not visit with the minor child on any occasion, nor did she contribute any money towards the support of the minor child. | From March 16, 1998 through the date of the filing of this action, [the mother] visited with the minor child only on two (2) brief occasions in April 1998 and June/July 1998. She did not contribute any money towards the support of the minor child. |
| Each parent made sporadic telephone calls to the [custodial couple], but neither parent made an effort to see the child. | Each parent made sporadic telephone calls to the [custodial couple], [the father] made no effort to see the child, and [the mother] made only sporadic attempts to visit with the child. |

This was not a case of recording that which had been decreed but not recorded or correctly recording that which had been decreed but misrecorded. Here, the trial court made neither a ruling nor findings

---

[6] Black's Law Dictionary (5th ed.).
[7] 46 AmJur2d, Judgments, §§ 165-167.
[8] Id. at § 167.

at the conclusion of the termination hearing. Instead, the court told the several parties that they had ten days to present proposed orders if they wished and that custody would remain with the custodial couple until the termination issue was decided. Twenty-four days later on August 16, 1999, the court apparently adopted a proposed order submitted by the custodial couple, and upon a motion from them, on August 20, 1999, adopted their revised version of the order.

The changes made to the original order by the nunc pro tunc order went beyond correcting mere clerical errors or recording that which was previously unrecorded. The errors in the factual findings were judicial errors and not clerical errors, because they necessarily involved judicial reasoning or determination. The nunc pro tunc changes incorporated factual determinations that had not been made or expressed previously by the trial court.

Because of the nature of the corrections and changes to the original order, including factual matters of judicial determination, we find that this was an improper use of a nunc pro tunc entry and that the effective date of the appealable order was the date of the revised order — August 20, 1999.[9] The father's notice of appeal was filed on the thirtieth day after August 20. It was timely.

For these reasons, we reverse the trial court's dismissal of the father's appeal.

*Judgment reversed. Johnson, C. J., and Mikell, J., concur.*

DECIDED JUNE 14, 2000.

*Richard D. C. Schrade, Jr.,* for appellant.
*Bach, Carver & Dewberry, Tara G. McNaull,* for appellee.

---

[9] See *Clark v. Ingram,* 150 Ga. App. 127, 129 (3) (257 SE2d 33) (1979) (clerical errors do not involve matters of substance).