A04A1708. PAIGE et al. v. HYUNDAI MOTOR AMERICA, INC.
(609 SE2d 168)

JOHNSON, Presiding Judge.

This appeal is from a trial court's grant of partial summary judgment to a defendant. Because there exists a genuine issue of material fact, the trial court erred in granting summary judgment and we thus reverse the ruling.

On July 14, 2002, Audrey and Roderick Paige bought a new Hyundai Tiburon, which came with an express warranty providing bumper-to-bumper coverage for 60 months or 60,000 miles. The warranty includes a mandatory nonbinding arbitration provision that is administered by BBB Auto Line. On January 2, 2003, the Paiges submitted a claim to BBB Auto Line asking that the manufacturer repurchase the vehicle.

On January 9, 2003, Hyundai Motor America, Inc., filed its manufacturer response form with BBB, indicating that it would repurchase the vehicle after the Paiges put it back in its original condition by removing racing stickers and neon lights that they had put on it, by replacing the two front tires, and by repairing damage to the trunk and a taillight. Eight days later, on January 17, 2003, the Paiges and their attorney received a letter from BBB stating, "As you

have indicated that you do not wish to pursue your claim with the BBB Auto Line program at this time, your case has been closed."

That same day, the Paiges' attorney sent a reply letter to BBB disputing BBB's letter. The Paiges' attorney wrote that it was wholly inaccurate for BBB to state that the Paiges had indicated that they did not want to pursue their BBB claim, that the Paiges did in fact wish to pursue their claim through BBB, and that they simply asked that Hyundai provide all the remedies it is obligated to provide under the law.

The Paiges contend they did not receive a response to their letter, so on February 7, 2003, they filed the instant lawsuit against Hyundai, claiming, among other things, breach of the written warranty in violation of the Magnuson-Moss Warranty Act.[1] Hyundai moved for partial summary judgment on the warranty claim, arguing that it is barred by the Paiges' failure to complete the required arbitration. The trial court granted the motion, finding that the Paiges had failed to complete the arbitration mechanism and that they are not free to disregard the Act's mandate to submit their claim to the informal settlement procedure simply because they believe it will not make them whole. The Paiges appeal.

1. The Paiges assert that the trial court erred in finding that they had failed to complete the arbitration process in good faith. We agree that the finding was not a proper basis for summary judgment because there is conflicting evidence on the issue of whether the Paiges failed to complete the arbitration process.

To prevail on summary judgment, the moving party must show that there is no genuine issue of material fact and that the undisputed facts, when viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[2] The party opposing the motion must be given the benefit of all reasonable doubts and of all favorable inferences from the evidence.[3]

In the instant case, Hyundai failed to show that there is no genuine issue of material fact and the trial court failed to give the Paiges the benefit of all favorable inferences from the evidence. In its summary judgment order, the trial court did not indicate what evidence supports its finding that the Paiges failed to complete the arbitration in good faith. Hyundai, in both its summary judgment motion and appellate brief, cites the BBB letter sent to the Paiges as

[1] 15 USC § 2301 et seq.
[2] *Harding v. Ga. Gen. Ins. Co.*, 224 Ga. App. 22, 23 (479 SE2d 410) (1996).
[3] Id.

the only evidence supporting such a finding. Our review of the record reveals no other evidence which would support the trial court's finding.

It is true that the BBB letter is *some* evidence supporting the trial court's finding since it alleges that the Paiges had indicated that they did not want to pursue their BBB claim. However, the Paiges' reply letter plainly refutes that allegation and expressly states that the Paiges did want to pursue their claim through BBB. Thus, the evidence on that material issue is in conflict and does not justify the trial court's grant of summary judgment to Hyundai.

> A trial court's conclusion that no genuine issue of material fact remains and that the party is entitled to judgment as a matter of law cannot be upheld merely on the basis that there was some evidence to support that conclusion, for there is no such thing as "any evidence" or "some evidence" that no genuine issues of material fact remain and that the party is entitled to judgment as a matter of law.[4]

Rather, the conflicting evidence in this case must be viewed in the light most favorable to the Paiges as the parties opposing summary judgment. So viewed, there is a genuine issue of material fact as to whether the Paiges failed to complete the arbitration in good faith. Since there exists a genuine issue of material fact, the trial court's contrary conclusion is erroneous and its grant of summary judgment to Hyundai on the basis of that improper conclusion must be reversed.[5]

2. Because of our holding in Division 1, we need not consider the Paiges' additional argument that the trial court erred in not striking an affidavit filed by Hyundai in support of its summary judgment motion.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED JANUARY 6, 2005.

*Krohn & Moss, Amy M. Budow, Eric S. Fortas*, for appellants.
*McKenna, Long & Aldridge, Jonathan R. Friedman, Jeremy M. Moeser*, for appellee.

---

[4] (Citations and punctuation omitted.) Id.
[5] See generally *McDonald v. Mazda Motors &c.*, 269 Ga. App. 62 (603 SE2d 456) (2004) (physical precedent only).

*Fields, Howell, Athans & McLaughlin, Paul L. Fields, Jr.*, amicus curiae.