**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 17, 2019**

# In the Court of Appeals of Georgia

A19A1615. K/C ICE, LLC et al. v. CONNELL.

MERCIER, Judge.

This is the second appearance in this Court of an action filed by Phillip Connell against K/C Ice, LLC and Bobby Courson (collectively the "Defendants") alleging unjust enrichment and breach of two promissory notes and personal guaranties on those notes. See *K/C Ice, LLC et al. v. Connell*, A18A0229 (decided June 27, 2018). In the first appeal, this Court affirmed the grant of partial summary judgment to Connell but vacated the judgment as to the amount and remanded the case for "clarification and/or correction of the judgment amount entered against each respective defendant." See id. at 14. On remand, the trial court held a hearing on the issue of damages, and found that Connell was entitled to $469,712.76 from Courson, and $1,645,061.38 from K/C Ice. In this appeal, the defendants allege that the trial

court erred in awarding damages against Courson and erred in entering the judgment nunc pro tunc. For the following reasons, we reverse in part, vacate in part and affirm in part.

In 2010, K/C Ice, a company jointly owned by Connell and Courson, borrowed $960,034.99 from Farmers & Merchant Bank, which was secured by a multipurpose note and security agreement signed by Connell and Courson (the "K/C Ice Note.")[1] See *K/C Ice, LLC*, supra at 3. In 2013, Farmers & Merchant Bank called the K/C Ice note due and demanded payment. See id. at 4. Connell paid off the note and thereafter demanded payment for the full amount of the K/C Ice Note from K/C Ice and Courson. See id. When Connell received no response, he filed the underlying action against the Defendants alleging breach of the promissory notes as well as the guaranties signed by Courson, and subsequently filed a motion for summary judgment. See id. at 5. The trial court granted partial summary judgment to Connell and entered judgment against Courson and K/C Ice for the full amount of the K/C Ice Note. See id. at 13-14 (3).

---

[1] While the venture also obtained a second promissory note (the "Connell Note"), that note is not at issue in this appeal. See *K/C Ice, LLC*, supra at 3.

This Court affirmed the trial court's grant of partial summary judgment, but vacated and remanded the judgment, holding that while Connell was "entitled to recover from K/C Ice the full amount paid on the [K/C Ice Note]," Connell was only entitled to recover contribution from his co-obligor Courson for "the proportion for which" Courson was liable. See id. at 14 (3). This Court directed the trial court to clarify and/or correct the judgment amount entered against each defendant as to the K/C Ice Note. See id. at 14.

Following the remittitur from the first appeal, the trial court conducted a hearing on the issue of damages regarding the K/C Ice Note. At the damages hearing, Courson testified that he had seen bank records which demonstrated that Connell had made payments from the bank account of K/C Ice, LLC, for his own personal benefit. Connell did not testify at the damages hearing. The trial court issued an order entering judgment against K/C Ice in the full amount of the K/C Ice Note. The trial court also held that Courson failed to provide evidence sufficient to rebut the presumption that the proper measure of contribution is the amount owed to a third party divided by the number of persons subject to the debt. The trial court thereby entered judgment against Courson for one-half of the principal balance due and owing at the time Connell paid the K/C Ice Note, and one-half of the pre-assignment interest on the K/C

3

Ice Note, and entered the order nunc pro tunc to April 28, 2017, the date the first partial summary judgment order was signed.

"Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). On appeal from a grant of summary judgment, we apply a de novo standard of review and view the evidence in the light most favorable to the nonmovant." *Hayek v. Chastain Park Condo. Assn.*, 329 Ga. App. 164 (764 SE2d 183) (2014) (citation omitted).

1. A guaranty contract "is one whereby a person obligates himself to pay the debt of another in consideration of a benefit flowing to the surety or in consideration of credit or indulgence or other benefit given to his principal, the principal in either instance remaining bound therefor." OCGA § 10-7-1. Guarantors "are jointly and severally liable with their principal unless the contract provides otherwise." Id. "Where several persons guaranty the same principal by one or more distinct instruments and one person pays more than an equal share of the sum, he may compel contribution from his co-guarantor[.]" *McCaughey v. Murphy*, 225 Ga. App. 874, 878 (3) (485 SE2d 511) (1997) (citations omitted). "The presumption that each co-obligor benefitted in an equal degree is subject to rebuttal by proof that there was an

inequality of benefits received." *Steele v. Grot*, 232 Ga. App. 847, 848-849 (1) (503 SE2d 92) (1998) (citation omitted).

The Defendants argue that issues of material fact exist as to whether Connell received unequal benefits, and as such the trial court erred by granting summary judgment on the amount of damages. Inter alia, the Defendants point to copies of checks showing payments Connell made from the K/C Ice bank account for his own personal benefit. In response, Connell cites his testimony at the first motion for summary judgment hearing wherein he admitted that he made some payments from the K/C Ice bank account for his personal benefit due to "cash flow problems." However, Connell asserted at the hearing that he returned the money to the account. Connell does not cite to any evidence in the record, outside of his own testimony, that he returned the money to the account.[2]

---

[2] Although Connell cites to an affidavit completed by his Certified Public Accountant, which purportedly states that Connell paid back the funds at issue, the document is not in the record. While Connell claims that the trial court considered the affidavit in determining damages, because the evidence is not in the record we cannot consider it. See *Farrar v. Georgia Bd. of Examiners of Psychologists*, 280 Ga. App. 455, 456 (643 SE2d 79) (2006) ("[W]e are bound by law to consider only that evidence which the trial court had before it and which was in the record before the trial court when it made its ruling; we are not authorized to receive or consider evidence which the record shows was not before the trial court, or evidence which by any procedural vehicle has been added to the record.") (citation omitted).

In deciding a motion for summary judgment, neither the trial court nor this Court can consider the credibility of witnesses; and a finder of fact must resolve the question of credibility and the conflicts in the evidence which it produces. See *Miller v. Douglas*, 235 Ga. 222, 223 (219 SE2d 144) (1975); *Harding v. Georgia General Ins.,* 224 Ga. App. 22, 25 (479 SE2d 410) (1996). Construing the evidence in favor of the Defendants as respondent to Connell's motion for summary judgment, we conclude that there are genuine issues of material fact as to whether Connell received an unequal benefit as compared to Courson regarding the K/C Ice Note. See *Steele*, supra at 849 (1); see generally *Hayek*, supra at 168 (1). As such, the trial court erred in granting summary judgment on damages regarding the K/C Ice Note as to Courson. The court's order granting summary judgment against Courson is thereby reversed.

In the first appeal, this Court held that "Connell is entitled to recover from K/C Ice the full amount paid on the [K/C Ice Note.]" *K/C Ice, LLC*, supra at 14 (3). As such, the portion of the trial court's order entering judgment "[i]n favor of Connell and against K/C Ice" for the "full amount paid on the [K/C Ice Note]" is affirmed.

2. The Defendants argue that the trial court erred by entering the damages order nunc pro tunc to the date of the first summary judgment order. We agree.

> The general rule is that nunc pro tunc entries are proper to correct clerical errors but not judicial errors. A clerical error involves an error or mistake made by a clerk or other judicial or ministerial officer in writing or keeping records; it does not include an error made by the court itself. To be clerical in nature it must be one which is not the result of judicial reasoning or determination.

*In the Interest of H. L. W.*, 244 Ga. App. 498, 499 (535 SE2d 834) (2000) (citation and punctuation omitted). The original summary judgment order was "unclear as to the liability of each defendant," and this Court vacated and remanded the judgment portion of the order. See *K/C Ice, LLC*, supra. The change made to the original order by the nunc pro tunc order (changing the amount of damages owed by Courson) "went beyond correcting mere clerical errors or recording that which was previously unrecorded." *In the Interest of H. L. W.,* supra at 500.

Because the original order was changed to correct a judicial error, the court's use of a nunc pro tunc entry was improper. Therefore, we vacate the nunc pro tunc portion of the order. See generally *In the Interest of H. L. W.,* supra.

*Judgment affirmed in part, reversed in part,and vacated in part, . Barnes, P. J., and Brown, J., concur.*