174 Ga. App. 513 (1985)
330 S.E.2d 443
NATIONWIDE MUTUAL INSURANCE COMPANY
v.
SOUTHERN TRUST INSURANCE COMPANY et al.
69715.
Court of Appeals of Georgia.
Decided April 9, 1985.
*515 William A. Dinges, for appellant.
Robert B. Hocutt, William D. Strickland, James P. Peters, for appellees.
McMURRAY, Presiding Judge.
Declaratory judgment. On August 27, 1983, defendant Mack Roper took his automobile to defendant Stanley Gunter, d/b/a Stanley's Complete Auto Service and Body Shop, for repairs. This was the first time Roper brought an automobile to Gunter for repairs. After work, Gunter drove Roper's automobile home and later that evening he drove the automobile for his own pleasure and convenience. After being out all night, at approximately 8:30 the next morning, Gunter was on his way home with his friend, Ms. Dettmar, when he fell asleep at the wheel and collided with a telephone pole. As a result of the collision Ms. Dettmar suffered personal injuries and Roper's automobile was declared a total loss. At the time of the accident, Nationwide Mutual Insurance Company ("Nationwide") had issued its policy of automobile liability insurance to Gunter as the named insured; and, Southern Trust Insurance Company ("Southern Trust") had issued its policy of automobile liability insurance to Roper which covered his automobile. Nationwide acknowledged that the policy which it issued to Gunter covered him for alleged acts or omissions in the operation of Roper's vehicle. However, Southern Trust denied coverage to Gunter under the policy it issued to Roper relying on the following exclusionary clause: "We do not provide Liability Coverage for any person . . . [u]sing a vehicle without a reasonable belief that that person is entitled to do so." Following Southern Trust's denial of coverage, Nationwide brought this action seeking a declaration of its rights and liabilities as compared with those of Southern Trust.
In its complaint, Nationwide contends that Southern Trust's policy extends coverage to Gunter and therefore, Southern Trust is the primary carrier and Nationwide is the excess carrier, obligating Southern Trust to defend Gunter and pay any judgment against Gunter to its policy limits in all suits which have arisen or any suit which may arise as a result of the automobile collision.
At trial, Gunter testified that he advised Roper that he would have to take the automobile to a paint store to have the paint matched. According to Gunter, Roper gave his permission for the automobile *514 to be driven for that purpose. Roper testified that there was no such discussion. Notwithstanding this conflicting testimony, both Roper and Gunter testified that there was no other discussion between them in respect to any other use of the automobile.
Gunter also testified that he always uses his customer's vehicles for his personal reasons. Roper testified that he was not aware of this practice at Gunter's shop or any other automobile body shop.
After a bench trial, the court held that the exclusionary clause in Southern Trust's policy covering Roper's vehicle "is neither vague nor ambiguous and is not susceptible [to] more than one construction" and that Gunter did not have a reasonable belief that he was entitled to use Roper's vehicle for his own pleasure and convenience. The court concluded that "the policy of automobile liability insurance issued by Southern Trust Insurance Company to Mack Roper did not provide liability coverage to Mr. Gunter." Nationwide appeals from this ruling. Held:
1. Nationwide contends that the trial court erred in ruling that the exclusionary clause in the policy issued to Roper by Southern Trust was neither vague nor ambiguous and was not susceptible to more than one construction. We do not agree. The use of the term "reasonable belief" in the exclusionary clause provides an objective standard by which the trier of fact may determine the substance of a claimant's action. From the language of the clause it is clear that coverage is excluded if the driver (a) knew he was not entitled to drive the vehicle, or (b) if he claimed he believed he was entitled to drive the vehicle, but was without reasonable grounds for such belief or claim. See Robertson v. Lumbermen's Mut. Cas. Co., 160 Ga. App. 52, 54 (2) (286 SE2d 305). In the case sub judice, Gunter claims he was entitled to use Roper's vehicle for his own pleasure and convenience. Therefore, he had an obligation to exercise "reasonable" conduct when faced with the decision as to whether he had a right to drive Roper's automobile on the night in question. The issue of whether Gunter's belief was reasonable in light of the circumstances in this case was properly submitted to the trier of fact.
2. Next, Nationwide argues that the trial court erred in ruling that Gunter was using the vehicle without a reasonable belief that he was entitled to do so. In a bench trial, "[f]indings of fact shall not be set aside unless clearly erroneous . . ." OCGA § 9-11-52 (a); Bell v. Cronic, 248 Ga. 457, 459 (2) (283 SE2d 476). See Allen v. Cobb Heating &c. Co., 158 Ga. App. 209, 210 (279 SE2d 505). In the case sub judice, the evidence was sufficient to support the trial court's findings that Gunter did not have a reasonable belief that he was entitled to use Roper's vehicle for his own pleasure and convenience.
Judgment affirmed. Banke, C. J., and Benham, J., concur.