## 77536. JOHNSON v. BLUE RIDGE INSURANCE COMPANY.
(376 SE2d 703)

DEEN, Presiding Judge.

On April 2, 1986, Hubert Watson loaned his car to Sandra Boatner so that she could look for a job in Rome. Boatner, however, decided instead to pick up a twelve-year-old friend and visit another friend in Cedartown, where she allowed the twelve-year-old to drive the car. While driving the car, the twelve-year-old struck the appellant, Angelia Johnson, as she was pushing her bicycle along the road. The appellee, Blue Ridge Insurance Company, as Watson's insurer, sought and obtained declaratory judgment of no liability on the basis that the policy excluded coverage for any person "using a vehicle without a reasonable belief that that person is entitled to do so," and this appeal followed. *Held*:

The evidence was more than sufficient to support the trial court's findings that Boatner's use of Watson's vehicle had exceeded the scope of permission given by Watson, and that the twelve-year-old friend could not have had a reasonable belief that she was entitled to use Watson's vehicle, thus excluding coverage for the incident under the policy. See *Nationwide Mut. Ins. Co. v. Southern Trust Ins. Co.,* 174 Ga. App. 513 (330 SE2d 443) (1985). Johnson, however, contends that such a conclusion is erroneous because it ignores necessary public policy considerations.

"[C]ompulsory motor vehicle liability insurance in this state established the public policy that 'innocent persons who are injured should have an adequate recourse for the recovery of their damages.' [Cit.]" *Cotton States Mut. Ins. Co. v. Neese,* 254 Ga. 335, 338 (329 SE2d 136) (1985). See also *Anderson v. Southeastern Fid. Ins. Co.,* 251 Ga. 556 (307 SE2d 499) (1983), and *Young v. Allstate Ins. Co.,* 248 Ga. 350 (282 SE2d 115) (1981). However, notwithstanding that public policy, not all exclusions of coverage are invalid. *Cotton States Mut. Ins. Co. v. Neese,* supra. Unlike *Neese, Anderson,* and *Young,* where the insured vehicle involved in the collision was driven by the actual insured, in the instant case the insured vehicle was driven by one unauthorized to use the vehicle. Public policy may justify enlarging an insurer's risk where acts of the undisputed insured driver are concerned, but not necessarily so where an unauthorized driver who is not an insured under the policy is involved. This court has previously affirmed declaratory judgment for the insurer where such an unauthorized and thus uncovered use of the vehicle occurred. *Georgia Farm &c. Ins. Co. v. Fire &c. Ins. Co. of Conn.,* 180 Ga. App. 777 (350 SE2d 325) (1986); *Nationwide Mut. Ins. Co. v. Southern Trust Ins. Co.,* supra. We reach the same conclusion in the instant case.

*Judgment affirmed. Carley and Sognier, JJ., concur specially.*

CARLEY, Judge, concurring specially.

The trial court correctly ruled that, based upon its findings, there was no coverage in this case. It is clear that, in the absence of a violation of public policy, the exclusion involved in this case is applicable and enforceable. *Nationwide Mut. Ins. Co. v. Southern Trust Ins. Co.*, 174 Ga. App. 513 (330 SE2d 443) (1985). In support of appellant's contention that the policy exclusion in this case against public policy, appellant relies upon the following cases: *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335 (329 SE2d 136) (1985); *Anderson v. Southeastern Fid. Ins. Co.*, 251 Ga. 556 (307 SE2d 499) (1983); and *Young v. Allstate Ins. Co.*, 248 Ga. 350 (282 SE2d 115) (1981). I agree with the majority that the cited cases are not controlling here so as to require determination that the challenged exclusion is void as against public policy. However, I do not agree with the majority that those cases are necessarily distinguishable *only* because in those cases the vehicle was driven by the actual insured. "[I]n Georgia each exclusion must be evaluated individually." *Cotton States Mut. Ins. Co. v. Neese*, supra, 338 fn. 6. In the case at bar, the insurance policy's exclusion of coverage for any person "using a vehicle without a reasonable belief that that person is entitled to do so" is not violative of public policy. Cf. *Integon Indem. Corp. v. Canal Ins. Co.*, 256 Ga. 692 (353 SE2d 186) (1987).

I am authorized to state that Judge Sognier joins in this special concurrence.

DECIDED NOVEMBER 29, 1988 —
REHEARING DENIED DECEMBER 13, 1988 — 

*Gammon & Anderson, Joseph N. Anderson*, for appellant.
*J. Anderson Davis, J. Clinton Sumner*, for appellee.