A89A0620. UNITED SERVICES AUTOMOBILE ASSOCIATION
v. LAIL et al.
(385 SE2d 424)

CARLEY, Chief Judge.

Appellant-plaintiff United Services Automobile Association (USAA) issued an automobile policy on a vehicle owned by David Boss. While he was driving Boss' vehicle, appellee-defendant Tracy Williams was involved in a collision. As the result of this collision, appellee-defendants Michael, Terry and Sandra Lail were injured. When the Lails brought suit against Williams, he requested that USAA undertake to defend him, contending that, for purposes of liability coverage, he was an insured under Boss' policy.

USAA responded to this request by filing the instant declaratory judgment action, seeking a declaration that it provided no liability coverage to Williams and was not required to defend him against the Lails' suit. The Lails answered and also filed a counterclaim, seeking damages for abusive litigation under *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986). After discovery, the Lails moved for summary judgment. As to USAA's main declaratory judgment action, the trial court granted summary judgment in favor of the Lails. As to the issue of USAA's liability on the *Yost* counterclaim, the trial court also granted

summary judgment in favor of the Lails, leaving only the issue of damages for jury resolution. USAA brings this appeal from the trial court's grant of summary judgment in favor of the Lails.

1. With regard to its main declaratory judgment action, USAA urges that a genuine issue of material fact remains as to Williams' status as an insured under the terms of the policy that it issued on Boss' vehicle. USAA relies upon the following exclusion contained in the policy: "We do not provide [l]iability [c]overage for any person . . . [u]sing a vehicle without a reasonable belief that that person is entitled to do so."

It is undisputed that Williams had Boss' express permission to use the vehicle. Boss had authorized Williams to drive the vehicle to Loganville from a jobsite in Atlanta. At the time of the collision, Williams was doing just that. Construing the evidence most favorably for USAA, however, Boss had also given Williams specific instructions as to how and when he was to drive the vehicle from Atlanta to Loganville. In Boss' affidavit, he averred that he had "instructed Williams to drive directly to Loganville after the work was finished using [a specified] route used on previous days." Since Williams had not driven directly to Loganville after leaving the worksite and the collision had not occurred on the route designated by Boss, USAA urges that Williams' deviation from his instructions would render the exclusion applicable and the trial court's grant of summary judgment erroneous. Accordingly, the issue presented for resolution is whether, notwithstanding Williams' express permission to drive Boss' vehicle, his deviation from instructions as to time and route would serve to exclude him from coverage as a driver who was "[u]sing [the] vehicle without a reasonable belief that [he was] entitled to do so."

"[C]ompulsory motor vehicle liability insurance in this state established the public policy that 'innocent persons who are injured should have an adequate recourse for the recovery of their damages.' [Cit.]" *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335, 338 (1) (329 SE2d 136) (1985). "[F]inancial responsibility laws are designed to protect the general public and . . . automobile liability policies are to be construed in conjunction with these laws. [Cit.]" *Young v. Allstate Ins. Co.*, 248 Ga. 350, 351 (282 SE2d 115) (1981). The relevant language of the policy here at issue does not appear in a traditional "omnibus" clause which expressly extends coverage only to those drivers who have obtained and have acted within the scope of the permission given by the vehicle's owner. See *Georgia Farm &c. Ins. Co. v. Fire &c. Ins. Co. of Conn.*, 180 Ga. App. 777, 779 (350 SE2d 325) (1986). Compare *Select Ins. v. Register*, 192 Ga. App. 145 (384 SE2d 238) (1989). Instead, the language appears in an "easy reading" policy in the form of an exclusion from coverage of only those drivers who have no reasonable belief that they were entitled to use the owner's vehicle.

"Any exclusion sought to be invoked by the insurer . . . will be liberally construed in favor of the insured and strictly construed against the insurer unless [it] is clear and unequivocal. [Cits.]" *Travelers Indem. Co. v. Whalley Constr. Co.*, 160 Ga. App. 438, 441 (287 SE2d 226) (1981). Accordingly, "cases which have construed the meaning of omnibus clauses . . . are distinguishable in that omnibus clauses contained in standard automobile insurance policies explicitly refer to the owner's permission or the scope of permission granted. The clause contained in [USAA's] policy is relatively new [and post-dates] the standard omnibus clause, containing the traditional 'scope of the permission' language. . . . Given . . . past policy language it is apparent [USAA] knew how to limit coverage to the scope of permission granted. That it employed different and less explicit language in the instant policy is evidence that it meant to convey a different meaning. . . . There is no dispute [Williams] was entitled to use the vehicle, in the sense that he got permission to take it, he didn't steal the vehicle. Under the language of this policy it is apparent that there was permission to use the vehicle [and that Williams therefore had a reasonable belief in his entitlement to use it]." *Larsen v. United Pacific Ins. Co.*, 723 P2d 8, 10 (Wash. App. 1986). The exclusion did not purport to condition coverage upon the driver's compliance with any limitation placed upon the scope of his permission to use the owner's vehicle. Instead, it excludes coverage only if the driver had no reasonable belief in his entitlement to use the owner's vehicle. A driver's reasonable belief in his entitlement to use the owner's vehicle is an entirely different consideration from whether the driver acted within the scope of the permission given to him by the owner. *Larsen v. United Pacific Ins. Co.*, supra. "Since the language of exclusion was not . . . clear and precise, an exclusion did not occur. [Cits.]" *Travelers Indem. Co. v. Whalley Constr. Co.*, supra at 441.

*Johnson v. Blue Ridge Ins. Co.*, 189 Ga. App. 616 (376 SE2d 703) (1988) does not compel a different result. *Johnson* is a physical precedent only. Moreover, insofar as it holds that the twelve-year-old driver, who had no permission to use the owner's car, was excluded from coverage under the "easy reading" exclusion and that such an exclusion is not violative of public policy, *Johnson* is not inconsistent with our present holding. Here, Williams did have permission to use Boss' vehicle and, construing the "easy reading" exclusion in light of public policy, coverage is afforded to Williams notwithstanding his deviation from instructions. Likewise, *Nationwide Mut. Ins. Co. v. Southern Trust Ins. Co.*, 174 Ga. App. 513 (330 SE2d 443) (1985) is not contrary to our holding in the instant case. The evidence in *Nationwide Mut. Ins. Co.* showed that the driver had received *no* permission whatsoever to use the owner's vehicle, and the issue of whether the driver nevertheless had a reasonable belief in his entitle-

ment to use the car was properly submitted to the trior of fact. Here, it is undisputed that Williams did have permission to use Boss' vehicle and his deviation from instructions raises no genuine issue of material fact as to applicability of the "easy reading" exclusion. It follows that the trial court did not err in granting summary judgment in favor of the Lails as to USAA's main declaratory judgment action.

2. Prior to this case, there was no appellate decision specifically addressing the issue of whether a driver who had permission to use another's car would be excluded from coverage under the terms of the "easy reading" exclusion if he deviated from the scope of the permission granted to him. There was, however, language in *Johnson v. Blue Ridge Ins. Co.*, supra, and in *Nationwide Mut. Ins. Co. v. Southern Trust Ins. Co.*, supra, lending support to the argument that the "easy reading" exclusion would be applicable under such circumstances. A declaratory judgment action is a proper means by which an insurer can obtain a judicial determination of the issue of the existence of coverage. It follows that the trial court erred in granting summary judgment in favor of the Lails as to their *Yost* counterclaim.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Beasley, J., concur.*

DECIDED JULY 13, 1989 —
REHEARING DENIED JULY 26, 1989 —

*Dennis, Corry, Porter & Thornton, William E. Gray II*, for appellant.

*Don M. Jones, Michael R. Jones, Sr.*, for appellees.

Tracy Williams, *pro se*.