A90A0540, A90A0541. OMNI INSURANCE COMPANY v. HARPS et al.
(396 SE2d 66)

CARLEY, Chief Judge.

The relevant facts in this declaratory judgment action are as follows: Appellant-plaintiff insurer issued a policy of motor vehicle liability insurance to appellee-defendant Mrs. Sharon Harps. Under the general definitions of the policy, "you" and "your" were defined to mean "the Policyholder named in the Declarations and spouse if living in the same household." The policy further defined an "insured person" as "[y]ou or a relative." However, the policy also provided that "[n]o person shall be considered an insured person if that person uses a vehicle without a reasonable belief of having permission to use

the vehicle." Appellee Mrs. Harps was married to appellee-defendant Mr. Barry Harps and they were living in the same household. Although appellee Mrs. Harps had given her husband a set of keys to her car for safekeeping in case she lost her set, he had no driver's license and it was understood that he was not to drive her car without first having her permission. Despite this understanding, appellee Mr. Harps would occasionally drive his wife's car without first securing her permission. However, such unauthorized use would invariably result in an argument. On the night in question, appellee Mr. Harps took his wife's set of keys while she was asleep and drove away in her automobile. He did not awaken his wife to ask her permission because he had been drinking and he "knew that she was going to object, and —and [he] didn't want the hassle." Appellee Mrs. Harps had never before given her husband permission to drive her car after he had been drinking. She acknowledged that, had she been asked on this occasion, she would not have given her permission. He acknowledged that his "state of mind was that if [he] asked her [permission to] use the car . . . she would have said no[.]" After taking his wife's keys and her car without her permission, appellee Mr. Harps was involved in a collision.

As the result of this collision, appellant filed this declaratory judgment action to determine whether it afforded liability coverage to appellee Mr. Harps. Appellant named as defendants not only appellees Mr. and Mrs. Harps, but also the individuals and entities, including appellee-defendant City of Jackson, who had sustained personal injuries and property damage in the collision. After all of the appellees had answered, appellant moved for summary judgment. The trial court denied appellant's motion and appellee City of Jackson subsequently moved for summary judgment. The trial court granted the City of Jackson's motion for summary judgment, holding: "This policy of insurance treats the named insured and the spouse of the named insured as one and the same person for purposes of insurance coverage, if they live in the same household. The language in the policy requiring a reasonable belief of having permission to use the vehicle does not apply to the spouse living in the same household. Under the terms of this policy, permission is no more necessary for the spouse living in the same household than the named insured." Appellant filed two separate, but identical, timely notices of appeal from this order and the two cases that were docketed in this court will be treated in this one opinion.

As noted above, the policy does specifically provide coverage to both the named insured and to the spouse of the named insured living in the same household as "insured persons." However, the policy also generally excludes coverage for "any person" who uses a vehicle without a reasonable belief of having permission to do so. Thus, al-

though she is the named insured and has the status of an "insured person," appellee Mrs. Harps may nevertheless have no coverage under the policy if, under the circumstances of the alleged insured event, she is otherwise a person who has used a vehicle without a reasonable belief that she had permission to do so. "It is clear that 'any person' means just that, including the named insured." *Georgia Farm &c. Ins. Co. v. Fire &c. Ins. Co. of Conn.*, 180 Ga. App. 777, 778 (350 SE2d 325) (1986). For example, if appellee Mrs. Harps stole a vehicle, she would not be afforded coverage under the policy simply because she was the named insured and had the status of an "insured person." Likewise, appellee Mr. Harps, as the spouse of the named insured and an "insured person" himself may have no coverage under the policy if, under the circumstances of the alleged insured event, he is otherwise a person who has used a vehicle without a reasonable belief that he had permission to do so. See generally *Robertson v. Lumbermen's Mut. Cas. Co.*, 160 Ga. App. 52, 54 (2) (286 SE2d 305) (1981) overruled on other grounds *Grange Mut. Cas. Co. v. Brinkley*, 182 Ga. App. 273 (355 SE2d 767) (1987). Accordingly, the trial court erred in construing the exclusion from coverage as having no application as against the named insured and his or her spouse living in the same household. The exclusion is applicable as against "any person" and, in any alleged insured event, it is a relevant inquiry whether the circumstances are such that the "insured person" had a reasonable belief that he or she had permission to use the vehicle.

"The use of the term 'reasonable belief' in the exclusionary clause provides an objective standard by which the trier of fact may determine the substance of a claimant's action. From the language of the clause it is clear that coverage is excluded if the driver (a) knew he was not entitled to drive the vehicle, or (b) if he claimed he believed he was entitled to drive the vehicle, but was without reasonable grounds for such belief or claim. [Cit.]" *Nationwide Mut. Ins. Co. v. Southern Trust Ins. Co.*, 174 Ga. App. 513, 514 (1) (330 SE2d 443) (1985). A reasonable belief that one has implied permission to drive his or her spouse's automobile may otherwise be inferred from the mere existence of the marital relationship and from possession of a set of keys to that automobile. However, such an inference has clearly been rebutted in the instant case. According to the unrebutted testimony, appellee Mrs. Harps gave a set of keys to her husband only for safekeeping and it was understood that appellee Mr. Harps would not drive his wife's automobile without first securing her express permission. Although he had taken the car on occasion without having her express permission, she had never ratified his doing so and such prior use of the vehicle without permission had resulted in an argument. It is undisputed that, if her husband had asked her express permission to drive her car on the night in question, appellee Mrs. Harps would

not have granted his request. It is undisputed that, although he knew that his wife would not give him express permission to use her car on the night in question, he nevertheless surreptitiously took her set of keys and drove it away. Since the undisputed evidence of record shows that appellee Mr. Harps had no implied permission to drive his wife's car that night otherwise resulting from his possession of a set of keys and from the marital relationship and that he did not have the express permission from his wife that he knew was necessary, it follows that the trial court erred in granting summary judgment in favor of appellees and in failing to grant appellant's motion for summary judgment. See generally *Johnson v. Blue Ridge Ins. Co.*, 189 Ga. App. 616 (376 SE2d 703) (1988); *Nationwide Mut. Ins. Co. v. Southern Trust Ins. Co.*, supra. Compare *USAA v. Lail*, 192 Ga. App. 487, 489 (1) (385 SE2d 424) (1989).

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JULY 12, 1990.

*Crim & Bassler, Harry W. Bassler, Philip G. Pompilio*, for appellant.

*Bush & Smith, Wilson H. Bush, Kendall, Dixon, Turk, Ransom & Mitchell, Kenneth A. Glenn, Henry M. Kellum, Garland & Milam, Richard G. Milam*, for appellees.