A91A0890, A91A0891. ROGERS et al. v. TRAVELERS INDEMNITY COMPANY OF AMERICA (two cases).
(413 SE2d 254)

Judge Arnold Shulman.

The appellee, Travelers Indemnity Company of America, brought this declaratory judgment action to determine its obligation to defend appellant Patrick Rogers in an action brought against him by appellants Thurmond and Doris Price and their son, Sonny, to recover for personal injuries sustained by Sonny while occupying a pickup truck being driven by Rogers. Also named as defendants in the personal injury action were Deborah and Stephen Peterson, the owners of the truck in question. Patrick Rogers was 15 years of age at the time of the accident, and the appellee had issued a policy of motor vehicle accident insurance to his father, V. Wayne Rogers, containing the following provision: "You and any relative are insureds while using [a non-owned] car if the use is (or is reasonably believed to be) with the owner's permission." The appellee undertook Patrick's defense in the personal injury action pursuant to a reservation of rights and then filed the present action seeking a judicial declaration that it had no obligation in the matter because Patrick's use of the truck could not reasonably be considered permissive within the contemplation of this policy provision. The case is before us on appeal from the grant of the appellee's motion for summary judgment.

Prior to the accident, Patrick had been smoking marijuana and drinking beer at the Petersons' home along with their son, Jeffrey, and some other youths, including Sonny Price. Mr. and Mrs. Peterson were out of town at the time, and Mr. Peterson had given Jeffrey explicit instructions not to use the pickup truck. However, Jeffrey had nevertheless used the truck earlier that day to retrieve a riding lawn mower from a neighbor's house. During the festivities at the Peterson home that evening, Sonny Price, who was 16 years old at the time, had obtained the keys to the truck and had taken it for a ride, accompanied by Patrick Rogers. The two youths had then returned to the Peterson home, switched places and set out on a second trip in the truck. The accident occurred during this second trip, while Patrick was driving. At the time of the accident, Patrick had a restricted learner's license which permitted him to operate a motor vehicle only if accompanied by a licensed driver 18 years of age or older. See OCGA § 40-5-24 (a).

Sonny Price could not recall how he had come into possession of the keys to the truck but maintained that Jeffrey Peterson had given him permission to drive it, an assertion which Jeffrey denied. Patrick acknowledged that he was "buzzed" from drinking at the time and that he had not received direct permission from Jeffrey to drive the truck; however, he testified: "I assumed that me and Sonny both had permission to drive it because he came out with the keys, so I figured he had already asked him and everything for the keys — if he could drive and all that." He further testified: "And we do that all the time down in Douglasville. [T]here's been people just hop in [my brother's] convertible . . . and just take off, you know, and drive around in it. It's common, you know. So I just assumed I had permission." Jeffrey Peterson testified that he had participated in filing a stolen vehicle report with the police following the accident.

1. We must agree with the trial court that Patrick Rogers could not have entertained a reasonable belief under the circumstances that his use of the vehicle was "with the owner's permission," particularly in view of the fact that his learner's permit did not permit him to drive any vehicle upon the public highways unless accompanied by an adult. *Samples v. Southern Guaranty Ins. Co. of Ga.*, 197 Ga. App. 258, 259 (398 SE2d 220) (1990) (holding that a reasonable belief that one has implied permission to take and drive a friend's automobile cannot be inferred merely "from the existence of a friendly relationship and from non-permissive access to a set of keys to that automobile"); *Johnson v. Blue Ridge Ins. Co.*, 189 Ga. App. 616 (376 SE2d 703) (1988) (affirming a finding by the trial court that a 12 year old could not have reasonably believed she had the owner's permission to drive merely because she had been allowed to do so by a friend, who had borrowed the vehicle from the owner). See generally *Nationwide*

*Mut. Ins. Co. v. Southern Trust Ins. Co.*, 174 Ga. App. 513, 514 (1) (330 SE2d 443) (1985); *United Svcs. Auto. Assn. v. Lail*, 192 Ga. App. 487 (1) (385 SE2d 424) (1989). Compare *Safeway Ins. Co. v. Holmes*, 194 Ga. App. 160 (2) (390 SE2d 52) (1989) (holding that a 15 year old, although driving in violation of OCGA § 40-5-24 (a), could have entertained a reasonable belief that she had permission to use the vehicle where such permission had been given to her by her father, who had rented it).

2. The appellants additionally contend that the policy provision in question is violative of public policy. This contention is also without merit. "Public policy may justify enlarging an insurer's risk where acts of the undisputed insured driver are concerned, but not necessarily so where an unauthorized driver who is not an insured under the policy is involved. This court has previously affirmed declaratory judgment for the insurer where such an unauthorized and thus uncovered use of the vehicle occurred. [Cits.]" *Johnson v. Blue Ridge Ins. Co.*, supra, 189 Ga. App. at 616. For these reasons, we hold that the trial court did not err in granting the appellee's motion for summary judgment.

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 26, 1991.

*Burge & Wettermark, Michael J. Warshauer, Hartley, Rowe & Fowler, G. Michael Hartley, Elizabeth A. Geoffroy, Greer, Klosik & Daugherty, Donald J. Sharp*, for appellants.

*Irwin, Bladen, Baker & Russell, R. Chris Irwin*, for appellee.