A92A2418. COOK et al. v. PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY.
(426 SE2d 222)

McMURRAY, Presiding Judge.

Prudential Property & Casualty Insurance Company brought suit against Frances Rebecca Wyche, its insured, Spencer Edward Wyche, Billy Cook and Regina Cook, seeking a declaration that it need not provide automobile insurance coverage to Spencer Edward Wyche with regard to an underlying personal injury action brought by Billy Cook and Regina Cook against Spencer Edward Wyche. Frances Rebecca Wyche and Spencer Edward Wyche failed to answer the complaint. The Cooks answered the complaint, asserting that Spencer Edward Wyche is insured under a policy which plaintiff issued to his mother, Frances Rebecca Wyche.

In pertinent part, the policy provides: "You and a resident relative are insured while using your car or a substitute car . . . But a resident relative is only insured while using the car with your permission." Frances Rebecca Wyche deposed that she did not give Spencer Edward Wyche, her 46-year-old son, permission to drive her automobile on the day of the collision. Spencer Edward Wyche deposed that on the day in question, he "borrowed" his mother's car without her permission. Based on the language of the policy and the Wyches' testimony, plaintiff moved for summary judgment. It also sought default judgment against the Wyches inasmuch as they failed to answer the complaint.

The trial court granted plaintiff's motion for summary judgment against the Cooks and entered default judgment against the Wyches. The Cooks appeal. *Held*:

1. The Cooks do not have standing to complain about the entry of a default judgment against the Wyches "because the default judgment does not adversely affect [the Cooks] as [co-defendants]. *Avis Rent a Car System v. Rice*, 132 Ga. App. 857, 858 (209 SE2d 270) (1974). The default operates as an admission by [the Wyches] of the truth of the factual allegations in [plaintiff's] complaint, and bars [them] from litigating the merits of the claim. [Cits.] However, the declaratory judgment entered by default against [the Wyches] is not

binding against [the Cooks], nor is it evidence that can be used by [plaintiff] to obtain a judgment against [the Cooks]. *Peek v. Southern Guaranty Ins. Co.*, 240 Ga. 498, 499 (241 SE2d 210) (1978)." *Stonica v. State Farm Fire &c. Co.*, 198 Ga. App. 717 (402 SE2d 553).

2. We agree with the trial court that Spencer Edward Wyche was not insured under the policy issued to Frances Rebecca Wyche. The policy plainly provides that a resident relative is not covered unless he receives permission to drive the insured's automobile. The undisputed facts show that Spencer Edward Wyche did not have permission to drive his mother's car.

The Cooks contend the "permission" provision violates the public policy of this State. We disagree. " 'Public policy may justify enlarging an insurer's risk where acts of the undisputed insured driver are concerned, but not necessarily so where an unauthorized driver who is not an insured under the policy is involved. This court has previously affirmed declaratory judgment for the insurer where such an unauthorized and thus uncovered use of the vehicle occurred. (Cits.)' *Johnson v. Blue Ridge Ins. Co.*, [189 Ga. App. 616 (376 SE2d 703)]." *Rogers v. Travelers Indem. Co.*, 202 Ga. App. 77, 79 (2) (413 SE2d 254). See also *Omni Ins. Co. v. Harps*, 196 Ga. App. 340 (396 SE2d 66).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED NOVEMBER 25, 1992.

*Howe & Dettmering, Donald B. Howe, Jr.*, for appellants.
*McLain & Merritt, Howard M. Lessinger*, for appellee.