A99A0159. GEORGIA FARM BUREAU CASUALTY INSURANCE COMPANY v. SCHLIES et al.

(520 SE2d 468)

BLACKBURN, Presiding Judge.

Georgia Farm Bureau Casualty Insurance Company (GFB) appeals the jury's verdict against it in the underlying declaratory judgment action. The jury determined that GFB's insurance contract with Marvin Wright provided coverage for injuries suffered by Officer Mark Schlies who was attempting to stop Wright from fleeing in the insured vehicle. For the reasons set forth below, we affirm the jury verdict.

1. In its first enumeration of error, GFB contends that the trial court erred in denying its motions for directed verdict and judgment notwithstanding the verdict.

> Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. The appellate court must construe the evidence with every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to uphold the verdict even where the evidence is in conflict. As long as there is some evidence to support the verdict, the denial of defendant's motion for directed verdict and new trial will not be disturbed.

(Punctuation omitted.) *MARTA v. Green Intl.*, 235 Ga. App. 419, 420 (1) (509 SE2d 674) (1998).

Viewing the evidence in favor of the verdict, it reveals that on the night of the incident, Wright broke into his estranged wife's

(Kalene Wright) house and raped her at gunpoint. The Wrights had been separated for two months, and Kalene had filed for divorce six weeks prior to the incident. Marvin left the house with Kalene, requiring her to drive her Chevrolet. Kalene thought Marvin was going to kill her. While driving, she spotted Officer Schlies' police vehicle, pulled up beside it, and motioned for the officer to stop. Kalene stopped her car and got out but was unsuccessful in her efforts to obtain the car keys. She told Officer Schlies that she had been kidnapped and that Marvin had a gun.

Officer Schlies then attempted to detain Marvin while he was outside of the vehicle, but Marvin jumped into the car and started the engine in an effort to flee. Officer Schlies got into the passenger side of the car and told Marvin to stop the vehicle. At the same time, Kalene attempted to get Marvin to stop from the driver's side. Eventually, Marvin got the car in gear, it began to travel forward, and Kalene jumped into the driver's seat on top of Marvin. Thereafter, the car hit a building, and Officer Schlies was injured.

GFB issued the insurance contract at issue to Marvin and Kalene Wright, covering, among other vehicles, Kalene's Chevrolet Cavalier. The insurance contract contained an exclusion to coverage which provided: "We do not provide Liability Coverage for any person: . . . [u]sing a vehicle without a reasonable belief that the person is entitled to do so." GFB argues that at the time of this incident, Marvin was not using the insured vehicle with a reasonable belief that he was entitled to do so. GFB concludes, therefore, that coverage is excluded pursuant to the terms of the policy.

The exclusion at issue has been found to be ambiguous and interpreted to require "a mixed objective/subjective determination of the user's state of mind — the reasonableness of the user's subjective belief of entitlement." *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712, 713 (1) (470 SE2d 659) (1996). Additionally, pursuant to the rules of contract interpretation, the insurance policy is construed against GFB, the drafter.

The Wrights were married at the time of the incident, and Marvin was a named insured on GFB's insurance contract which insured the car. Marvin was making the car payments at the time of the incident. Marvin had actually used the car several times since the Wrights' separation without asking for permission, and Kalene testified that Marvin did not have to ask for permission to use the car. She believed he had an ownership interest in the car at the time of the incident, although the car was actually titled in her name.

Under the facts of this case, the trial court did not err in denying GFB's motion for a directed verdict. Rather, the trial court erred in denying Schlies' motion for directed verdict. Under the facts of this case, there is no dispute that Wright was entitled to use the Chevro-

let. His estranged wife, title holder to the vehicle, testified that he could use it without asking for permission.

GFB essentially argues that because Wright was using the car for an illegal purpose, i.e., attempting to flee from Officer Schlies, that Wright could not have reasonably believed that he was entitled to use the vehicle. GFB's argument is without merit. Our Supreme Court has determined that the exclusion at issue does not implicate whether the driver had a legal right to drive, but whether the non-owner driver had a reasonable belief that he had permission from the owner or apparent owner to use the vehicle. *Hurst*, supra at 716-717. In *Hurst*, the insurance company argued that the unlicensed driver could not have reasonably believed he was entitled to drive the car because he did not have a legal right to do so. The Court determined that a provision excluding unlicensed drivers was valid; however, the exclusion at issue did not distinctly exclude unlicensed drivers. Id. at 717 (5). Similarly, in the present case, the provision at issue does not exclude coverage for illegal acts. In fact, such an exclusion would not be enforced as against public policy. See *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335 (329 SE2d 136) (1985). By way of further example, any time an accident was caused by an insured driver under the influence of alcohol, the insurance company would exclude coverage because someone under the influence of alcohol is not entitled, by law, to drive a car. Such is not the law. See id. See also *Hurst*, supra at 715-716 (3).

Additionally, it was unnecessary for a jury to determine that issue because as a matter of public policy, GFB is estopped from contending that a named insured on its policy was not entitled to use a vehicle listed on that policy. Wright paid premiums to GFB for the policy which were ostensibly calculated with Wright as a specifically listed driver of the vehicle. GFB accepted those premiums and reaped the benefit from them. Therefore, as the trial court should have granted Schlies' motion for directed verdict, it did not err in denying GFB's motion for directed verdict. Any other error alleged to have occurred during trial is rendered moot by our decision herein.

2. In light of our holding in Division 1, GFB's remaining enumerations of error are rendered moot.

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 27, 1999 — CERT. APPLIED FOR.

*Fain, Major & Wiley, Charles A. Wiley, Jr., Kim M. Jackson*, for

appellant.
 *Steven K. Leibel*, for appellees.