## A00A0522. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. JOHN DEERE INSURANCE COMPANY.
### (536 SE2d 258)

POPE, Presiding Judge.

Georgia Farm Bureau Mutual Insurance Company brought a declaratory judgment action seeking a determination that it was not required to provide coverage or a defense to its named insured, Larry Spence, after he was sued for damages in connection with an automobile accident which occurred while he was driving a car owned by his employer, Five Star Dodge, Inc. Georgia Farm also sought a determination that appellee John Deere Insurance Company, which had issued a commercial liability insurance policy to Five Star, should provide coverage. The trial court granted John Deere's motion for summary judgment and denied Georgia Farm's motion for summary judgment, and Georgia Farm filed the present appeal to this court.

The following facts are relevant to the resolution of the issues presented by this appeal: On September 21, 1996, Spence, Dennis Henry and Robbie Allen drove from Macon to Atlanta to attend an Atlanta Braves baseball game. Spence and Henry were both employees of Five Star, and Allen was a mutual friend. Henry, who at that time was Five Star's general manager and Spence's supervisor, removed a car from Five Star's new car inventory to drive to the game. Spence testified that he was not with Henry when Henry obtained the vehicle and he was unaware of the circumstances surrounding Henry's use of the vehicle.

The group drove to Atlanta and attended the game.[1] All three men consumed four beers during the game. According to Spence, Henry suggested Spence drive because he was from Atlanta and knew his way around; according to Henry, he gave Spence the keys to drive after the game because he did not want to drive as he was unfamiliar with the area and did not see well at night. In any event, the

[1] Spence testified he drove the car to the game; Henry testified that he, not Spence, drove the car to the game.

group headed north on Interstate 85 with the intention of meeting a mutual friend who lived in that part of the city. However, these plans were interrupted when Spence rear-ended a car which was stopped on the interstate because of an earlier accident. Spence was arrested for drunk driving at the time of the accident.

1. Georgia Farm enumerates as error the denial of its motion for summary judgment. We find no error. Georgia Farm's insurance contract with Spence contained the following exclusion, "We do not provide Liability Coverage for any person: . . . 8. Using a vehicle without a reasonable belief that the person is entitled to do so." Georgia Farm argues this provision excluded coverage because Spence knew Five Star did not allow personal use of its vehicles and because Spence knew he was violating company policy when he drove the vehicle after consuming alcoholic beverages.

In *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712, 716 (4) (470 SE2d 659) (1996), our Supreme Court found:

> the exclusion at issue is susceptible of three logical and reasonable interpretations: that the user must be authorized by law to drive in order to reasonably believe he is entitled to use a vehicle; that the user must have the consent of the owner or apparent owner in order to reasonably believe he is entitled to use the vehicle; or, that the user must have both consent and legal authorization in order to be entitled to use the vehicle. The number of reasonable and logical interpretations makes the clause ambiguous [cit.], and the statutory rules of construction require that we construe the ambiguous clause against the insurer. OCGA § 13-2-2 (5). Accordingly, we adopt the interpretation least favorable to the insurer and determine that the clause excludes from coverage only those non-owner drivers who use a vehicle without a reasonable belief that they had the permission of the owner or apparent owner to do so.

Id. at 716-717 (4).

The test then is whether Spence reasonably believed he was entitled to drive the car. This requires "a mixed objective/subjective determination of the user's state of mind — the reasonableness of the user's subjective belief of entitlement." *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 713 (1). *Ga. Farm &c. Ins. Co. v. Schlies*, 238 Ga. App. 299, 300 (1) (520 SE2d 468) (1999); *Harding v. Ga. Gen. Ins. Co.*, 224 Ga. App. 22, 23 (479 SE2d 410) (1996). Applying this test to the facts of this case, we find that the trial court properly concluded that a question of fact existed concerning whether Spence reasonably believed he was entitled to be driving the car at the time of the accident.

Although Spence testified he was aware that Five Star did not allow personal use of its automobiles, he also testified that he thought Henry had the authority to grant permission to use the vehicle. And although Henry testified he took the vehicle without the owner's permission, there is nothing in the record to show that this was communicated to Spence; to the contrary, Spence testified that he and Henry did not discuss how Henry came to be in possession of the car. And we cannot say, as a matter of law, that Spence's belief concerning Henry's authority was unreasonable. At the time of the accident, Henry was general manager of the company, second only to the dealer/principal, and was in charge of controlling the vehicles on the lot from which he removed the car in question. Moreover, Spence testified that he was aware of other managers giving employees permission to drive cars off the lot for personal errands and that he had driven vehicles, with his sales manager's permission, for personal reasons.

Moreover, we also find an issue of fact remains concerning whether Spence reasonably believed he was entitled to drive the car after he consumed alcoholic beverages. First, we note that the fact that Spence was violating a company policy and operating the vehicle in violation of the laws of this state does not demand a finding on summary judgment that it would be unreasonable for him to believe that he was entitled to drive the vehicle. "Our Supreme Court has determined that the exclusion at issue does not implicate whether the driver had a legal right to drive, but whether the non-owner driver had a reasonable belief that he had permission from the owner or apparent owner to use the vehicle." *Ga. Farm &c. v. Schlies*, 238 Ga. App. at 301. And although Spence testified that he knew there was a company policy against drinking and driving, we cannot ignore that Henry, Spence's supervisor and second only to the owner of the dealership in the corporate hierarchy, testified that he asked Spence to drive after Spence had been drinking. Under these facts, we find that there was "sufficient evidence to create a jury issue on whether it was objectively reasonable for [Spence to believe that he had permission to drive the car after he consumed alcohol]." *Harding v. Ga. Gen. Ins.*, 224 Ga. App. at 26.[2] Cf. *Barfield v. Royal Ins. Co.*, 228 Ga. App. 841, 843 (1) (492 SE2d 688) (1997) (in which the test under a permissive use clause was an objective one and did not involve the question of whether the driver reasonably believed he had the owner's permission to drive after drinking).

2. Alternatively, Georgia Farm argues that if the trial court

---

[2] Georgia Farm's argument that an auto business exclusion applies to the facts of this case is also without merit.

properly denied its motion for summary judgment, then the trial court erred by granting summary judgment to John Deere. We reject this argument also.

The language in the respective policies governing permissive use is not identical and does not demand the same conclusion regarding coverage. John Deere's policy did not contain the "reasonable entitlement" exclusion quoted in Division 1, but instead contained the more traditional "omnibus" language defining an "insured" as "your . . . paid employees . . . while using, or legally responsible for the use of a covered auto you own . . . *if the use is within the scope of your permission.*" (Emphasis supplied.) Our appellate courts have previously distinguished these provisions and recognized the inquiry changes depending on the language employed.

> The focus of the [reasonable belief] provision has changed from that of the "omnibus" clause. With an omnibus clause the issue is whether there was permission and acts within the scope of that permission. Under the [reasonable belief] exclusion, the issue is shifted to the state of mind of the user.

*Ga. Farm &c. Ins. Co. v. Fire &c. Ins. Co.*, 180 Ga. App. 777, 779 (350 SE2d 325) (1986).[3] In this case Five Star's owner averred that neither Henry nor Spence had his permission to drive the 1996 Nissan or any other dealership car for their personal use and specifically averred that they did not have permission to operate the vehicle at the time of the accident. Because the evidence is uncontroverted that Spence did not have the owner's permission to drive the car, the trial court properly concluded that no liability coverage existed under the John Deere policy. *Shield Ins. Co. v. Smiley*, 234 Ga. App. 806 (508 SE2d 183) (1998).

3. Lastly, under the facts of this case, we reject Georgia Farm's argument that the John Deere policy coverage should be primary because "insurance follows the car."

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED JUNE 22, 2000 ▮▮▮▮▮▮▮▮▮▮▮

*Fain, Major, Wiley & Brennan, Charles A. Wiley, Jr., Kim M.*

---

[3] Although the Supreme Court in *Hurst v. Grange Mut. Cas. Co.* overruled the portion of this case finding the exclusion clause to be unambiguous, it cited with approval the part of the case in which this court distinguished the two clauses.

■

*Jackson*, for appellant.
*McLain & Merritt, William S. Sutton*, for appellee.