## A01A1996. COX v. SOUTHERN GUARANTY INSURANCE COMPANY et al.

(563 SE2d 882)

PHIPPS, Judge.

Claude Emery Cox sued Southern Guaranty Insurance Company of Georgia and John Dempsey d/b/a Dempsey Insurance Agency for refusing to pay an insurance claim for damage to a truck that he wrecked. Because the record shows that the policy that covered the truck excluded losses arising out of wrecks in which Cox was the driver, we affirm the trial court's summary judgment to Southern Guaranty and Dempsey Insurance Agency.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] We review a grant of summary judgment de novo and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[2]

Construed in this light, the record shows that in December 1986, Southern Guaranty, through Dempsey Insurance Agency, began insuring the vehicles of C. E. Cox d/b/a Cox Caulking & Insulation Company, which Cox owned. The commercial automobile policy, GLA9692, was renewed annually and continued through 1998. In December 1994, Southern Guaranty's review of the driving record for each of the company's employees revealed that Cox had been cited twice for DUI. Southern Guaranty then provided Dempsey Insurance Agency with a driver exclusion endorsement form to exclude Cox from the policy.

In January 1995, Cox went to Dempsey Insurance Agency and signed certain documents concerning the policy. The record shows that one such document was the endorsement that voided the policy while Cox was operating a covered vehicle.

Later, Cox purchased a truck, added the truck to Policy GLA9692, and received from Dempsey Insurance Agency an insurance card that listed the truck and identified "C. E. Cox, d/b/a Cox Caulking and Insulation" as the named insured. Thereafter, in April 1998, Cox wrecked the truck. He sought collision coverage for damage to the truck, but Southern Guaranty denied his claim on the ground that he was an excluded driver pursuant to the endorsement. Cox sued. The trial court granted the defendants summary judgment, determining that the exclusion endorsement operated to deny coverage for Cox's claim.

1. In several claims of error, Cox contends that the trial court erred in granting summary judgment, essentially asserting that

---

[1] OCGA § 9-11-56 (c).

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

there was some ambiguity in the policy's language regarding coverage and the named insured. We do not agree.

The endorsement that Cox signed stated that effective January 4, 1995, it was "VOIDING AUTOMOBILE INSURANCE WHILE A CERTAIN PERSON IS OPERATING CAR." It listed "CLAUDE EMERY COX" as the driver excluded. The endorsement also stated that it "FORM[ED] A PART OF POLICY NO. GLA9692 ISSUED TO C E COX DBA, BY SOUTHERN GUARANTY INSURANCE COMPANY." Further, Policy GLA9692, renewed for inception date December 18, 1997, to expiration date December 18, 1998, provided that the policy was "[s]ubject to the original conditions of the policy and subsequent endorsements." It, too, listed "C E COX DBA COX CAULKING & INSULATION . . ." as the "named insured," and its section entitled "FORMS AND ENDORSEMENTS MADE PART OF THIS POLICY AT TIME OF ISSUE" specified "DRIVER EXC."

"Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any rider, endorsement, or application made a part of the policy."[3] "Moreover, voidance of exclusion to an insurance policy is a severe penalty which alters the very terms of the deal between the parties. It requires the insurer to provide coverage for uncontracted risk, coverage for which the insured has not paid."[4] "When the language of an insurance policy defining the extent of the insurer's liability is unambiguous and capable of but one reasonable construction, the courts must expound the contract as made by the parties."[5]

We reject Cox's assertion that the policy was ambiguous. And we are not persuaded by his unsupported characterization of the endorsement as "an internal document [that] is not part of the insurance policy." The only reasonable construction of the unambiguous endorsement modifying Southern Guaranty's liability requires a conclusion that the policy excluded coverage for losses arising out of automobile accidents in which Cox was the driver. "An insured who can read is required to read the policy and is presumed to have understood its contents."[6] Cox acknowledged that he could read and that the signature on the endorsement was his. The trial court did not err in granting summary judgment to Southern Guaranty and Dempsey Insurance Agency.

---

[3] OCGA § 33-24-16.
[4] (Citation and punctuation omitted.) *Cotton States Mut. Ins. Co. v. Coleman*, 242 Ga. App. 531, 532 (530 SE2d 229) (2000).
[5] (Citation and punctuation omitted.) Id. at 533.
[6] Id. at 532.

2. Citing *Ga. Farm &c. Ins. Co. v. John Deere Ins. Co.*[7] and *Ga. Farm &c. Ins. Co. v. Schlies*,[8] Cox contends that a genuine issue of material fact exists regarding whether he reasonably believed that he was covered by the policy. He claims that the insurance policy named him as a "named insured" and that he continued to receive insurance cards listing him as the "named insured." This contention is without merit.

Cox's claims regarding the "named insured" are unsupported. First, his brief provides no cites to the record in violation of this court's Rule 27 (c) (3) (i).[9] Although he attempts to cite to documents attached to his brief, exhibits attached to appellate briefs are not evidence, nor are they considered part of the record.[10] This court has no duty to cull the record in search of evidence to support the contentions of parties.[11]

Second, exercising our discretion to review the record, we find that the original policy, as well as the renewal policy and the insurance card in effect at the time of the wreck, each identified the "named insured" as "C E Cox d/b/a Cox Caulking & Insulation Company," and not Cox, personally.

Furthermore, Cox's reliance on *John Deere Ins. Co.* and *Schlies* is misplaced. In those cases concerning coverage for claims involving nonowners driving vehicles, we considered the exclusionary language, "We do not provide Liability Coverage for any person . . . using a vehicle without a reasonable belief that the person is entitled to do so."[12] There, the appropriate test was a mixed objective/subjective determination of whether the nonowner driver had a reasonable belief that he had permission from the owner or apparent owner to use the vehicle.[13] But because there is no such exclusionary language at issue here, *John Deere Ins. Co.* and *Schlies* are not controlling.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED MARCH 26, 2002 —
RECONSIDERATION DENIED APRIL 9, 2002 — ▮▮▮▮▮▮▮

*Floyd H. Farless*, for appellant.
*Barrickman, Allred & Young, Joan G. Crumpler, Mabry &*

---

[7] 244 Ga. App. 546 (536 SE2d 258) (2000).
[8] 238 Ga. App. 299 (520 SE2d 468) (1999).
[9] "Each enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration."
[10] *Sherard v. Aldridge*, 251 Ga. App. 445, 447 (1) (554 SE2d 590) (2001).
[11] *Crosby v. DeMeyer*, 229 Ga. App. 672, 673 (1) (494 SE2d 568) (1997).
[12] See *John Deere Ins. Co.*, supra at 547; *Schlies*, supra at 300.
[13] See *John Deere Ins. Co.*, supra; *Schlies*, supra at 300-301.

*McClelland, Robert M. Darroch, Nathan W. Kotas, Michael T. Thornton,* for appellees.