**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**September 10, 2025**

# In the Court of Appeals of Georgia

A25A0962. DOLLAR v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

MCFADDEN, Presiding Judge.

This appeal concerns the applicability of an exclusion in an automobile liability policy. Appellant Queen Dollar's son died in a automobile accident. He had been the passenger in a vehicle owned by David Holder and driven by Sammy Walker. Dollar brought a wrongful death action against Walker and Holder, alleging among other things that Holder had negligently entrusted the vehicle to Walker. Holder's automobile liability insurer, appellee Georgia Farm Bureau Mutual Insurance Company, then brought the instant action seeking a declaratory judgment that Walker was not covered under the terms of the policy, which excluded from coverage persons who lacked a reasonable belief that they were entitled to use the vehicle.

The trial court granted summary judgment to Georgia Farm Bureau in the declaratory judgment action, and Dollar appeals. Contrary to her appellate arguments, however, the evidence of record does not give rise to a genuine issue of material fact that would preclude summary judgment, and the policy exclusion at issue in this case does not violate public policy. So we affirm.[1]

1. *Facts and procedural history*

To prevail on a motion for summary judgment, the moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law[.]" OCGA § 9-11-56 (c). "If the moving party discharges this burden, the nonmoving party . . . must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). We review the trial court's ruling on summary judgment de novo, "review[ing] the evidence in the light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact." *Milliken & Co. v. Ga. Power Co.*, 306 Ga. 6, 8 (1) (829 SE2d 111) (2019).

---

[1] Oral argument was held on this case on May 1, 2025, and is archived on the court's website. See Court of Appeals of Georgia, Oral Argument, Case No. A25A0962 (May 1, 2025), available at https://vimeo.com/1081276867.

So viewed, the evidence[2] shows that Georgia Farm Bureau issued a personal auto insurance policy to Holder. That policy included liability coverage for a truck that Holder allowed his employee, Laterran Green, to use in connection with his work for Holder. Holder owned a number of rental properties, including the trailer park where Walker lived, and Green sometimes hired Walker to perform day labor around Holder's properties, such as picking up trash, weed-eating, and "help[ing] to get [Green] tools. . . ."

Holder did not allow anyone other than Green to drive his vehicles, including the truck in question, while they were in Green's possession, unless Holder specifically said otherwise. Holder had never given Walker permission to drive the truck. He also had never given Green permission to let Walker drive the truck, but instead had specifically instructed Green that Walker was not allowed to drive it. And Green had never given Walker permission to drive the truck. To the contrary, Holder and Green testified that Walker was known to drink on the job and that they would not

---

[2] The record transmitted on appeal contains only deposition excerpts, not complete depositions. "While parties may file deposition excerpts in support of or opposition to summary judgment, our review on appeal is limited to the evidence in the record." *Zhong v. PNC Bank*, 345 Ga. App. 135, 138 (1) n. 1 (812 SE2d 514) (2018) (citations omitted).

let him operate vehicles or equipment such as a riding lawn mower. There is no evidence that Walker ever drove the truck before the day of the accident.

On November 21, 2020, Green and Walker did some work at the trailer park where Walker lived, and Green left the truck parked there with the keys inside. Later that day Walker took the truck. He was intoxicated at the time, and nothing in the record suggests that he took the truck in connection with any work he performed for Green and Holder. Instead, Holder reported the truck stolen and Walker subsequently was criminally charged with its theft.

Walker and two passengers, including Dollar's son, were traveling in the truck at the time of the accident, which killed Dollar's son.

After Dollar sued Walker and Holder for wrongful death, Georgia Farm Bureau brought the instant declaratory judgment action, arguing that the policy it issued to Holder excluded Walker from liability coverage. The policy provided that Georgia Farm Bureau "will pay damages for 'bodily injury' . . . which any 'insured' becomes legally responsible to pay because of an auto accident." It defined "insured" to mean "[a]ny person using 'your covered auto'." which would include a person using the truck that Walker crashed. But it also contained an exclusion stating that Georgia

4

Farm Bureau did "not provide Liability Coverage for any 'insured' . . . [u]sing a vehicle without a reasonable belief that the 'insured' is entitled to do so."

Georgia Farm Bureau moved for summary judgment in the declaratory judgment action, arguing that the policy did not provide liability coverage to Walker because he did not have a reasonable belief that he was entitled to use the truck. In response, Dollar argued that there was evidence showing Holder had negligently entrusted the truck to Walker, precluding summary judgment, and that the policy exclusion at issue violated public policy. The trial court granted summary judgment to Georgia Farm Bureau.

2. *Existence of a genuine issue of material fact*

On appeal, Dollar again argues that summary judgment is not appropriate because a genuine issue of material fact exists as to whether Holder permitted Walker to use the truck. That question is relevant to the claim for negligent entrustment that Dollar asserted against Holder in her underlying wrongful death lawsuit. See *Thompson v. Ledbetter*, 254 Ga. App. 179, 180 (1) (561 SE2d 476) (2002) (the plaintiff in a negligent entrustment claim must prove that the vehicle's owner gave another person permission to use it).

But this appeal does not concern Dollar's underlying wrongful death lawsuit or her claim in that action that Holder negligently entrusted the truck to Walker. It concerns a different lawsuit — Georgia Farm Bureau's action for a declaratory judgment on the applicability of a policy provision that excludes from coverage "drivers who use a vehicle without a reasonable belief that they had the permission of the owner or apparent owner to do so." *Ga. Farm Bureau Mut. Ins. Co. v. John Deere Ins. Co.*, 244 Ga. App. 546, 547 (1) (536 SE2d 258) (2000) (citation and punctuation omitted). In other words, this action involves principles of contract, not tort. So Dollar's framing of the relevant question is not quite on point for this action (although it would be on point for the underlying wrongful death action).

In construing the type of automobile insurance policy at issue here, the test is not whether Holder gave Walker permission to use the truck, as Dollar argues, but rather whether Walker *reasonably believed* he had such permission. See *Ga. Farm Bureau*, 244 Ga. App. at 547 (1). To be covered under the policy, Walker must have actually believed he had permission to use the truck, and his belief must have been objectively reasonable. See id. See also *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712, 713 (1) (470 SE2d 659) (1996) (the inquiry is "a mixed objective/subjective determination

of the user's state of mind — the reasonableness of the user's subjective belief of entitlement"). If Walker "knew he was not entitled to drive the vehicle, or . . . if he claimed he believed he was entitled to drive the vehicle, but was without reasonable grounds for such belief or claim[,]" then he does not have coverage under Holder's policy. *Omni Ins. Co. v. Harps*, 196 Ga. App. 340, 342 (396 SE2d 66) (1990) (citations and punctuation omitted).

The record on appeal contains no testimony from Walker or other evidence that Walker actually believed he had been given permission to use the truck. And even if he had such a belief, there is no evidence that such a belief was objectively reasonable. Neither Holder nor Green ever gave Walker express permission to drive the truck; indeed, Holder reported it as stolen after Walker took it. Both men testified that they never did or said anything to Walker that could have given him the impression he had such permission. And there is no evidence that Walker had ever driven the truck before the day of the accident. See *Clayton v. Southern Gen. Ins. Co.*, 306 Ga. App. 394, 397 (702 SE2d 446) (2010) (finding no evidence of a driver's reasonable belief that he had permission to use a vehicle where there was no evidence of express or implied permission from either the vehicle's owner or another person whom the owner had

permitted to drive it; and no basis for the driver to reasonably infer that he did not need to get such permission); *McCraney v. Fire & Cas. Ins. Co.*, 182 Ga. App. 895, 896 (357 SE2d 327) (1987) (holding as a matter of law that an insurance company was not liable under a policy with terms similar to those here for a judgment entered against a person who stole the insured vehicle).

Dollar points to evidence that Green employed Walker to help him in his work for Holder, and to evidence that Green gave Walker access to the truck by leaving it unlocked with the keys inside. Under the facts of this case such evidence is not enough to permit an inference that Walker had an objectively reasonable belief that he was entitled to use the truck in a manner unconnected with his employment and while intoxicated. See *Samples v. Southern Guar. Ins. Co.*, 197 Ga. App. 258, 259 (398 SE2d 220) (1990) (holding that evidence of a friendly relationship along with non-permissive access to keys does not give rise to a question of fact regarding the reasonableness of a person's unilateral assumption that he had permission to use a vehicle); *Southern Trust Ins. Co. v. Clark*, 148 Ga. App. 579, 583 (1) (251 SE2d 823) (1978) (holding that any implied consent for an employee to use an employer's vehicle "extends only to the scope of the employment").

8

3. *Public policy*

Alternatively, Dollar argues that the trial court erred in granting summary judgment because the exclusion provision at issue here violates Georgia's public policy that "accident victims . . . have access to insurance funds to satisfy their judgments." *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335, 341 (1) (329 SE2d 136) (1985). We disagree.

"[A]n insurer may fix the terms of its policy as it wishes, insuring against certain risks and excluding others, provided the terms are not contrary to law." *Hurst*, 266 Ga. at 716 (4). And "[a]n insurer may reject coverage for a person expressly excluded from its policy." *Kindley v. First Acceptance Ins. Co. of Ga.*, 368 Ga. App. 232, 234 (1) (889 SE2d 412) (2023) (citation and punctuation omitted). Consistent with these principles, we have held that an insurer may limit automobile liability coverage to permissive users of a vehicle without violating public policy. See *Cook v. Prudential Property & Cas. Ins. Co.*, 206 Ga. App. 492, 493 (2) (426 SE2d 222) (1992); *Rogers v. Travelers Indemn. Co.*, 202 Ga. App. 77, 79 (2) (413 SE2d 254) (1991).

The cases Dollar cites do not hold otherwise. They do not address provisions expressly excluding a person or category of persons from coverage. Instead, they

address provisions that excluded *otherwise covered drivers* based on specific behaviors such as attempting to avoid apprehension or arrest, *Cotton States*, 254 Ga. at 336, or driving without a valid license. *Woody v. Ga. Farm Bureau Mut. Ins. Co.*, 250 Ga. App. 454 (551 SE2d 836) (2001).

*Judgment affirmed. Hodges and Pipkin, JJ., concur.*